UNITED STATES of America

v.

Terrence I. BROXTON, Appellant.

No. 89–3225.

United States Court of Appeals,
District of Columbia Circuit.

Decided by Judgment and Memorandum
Sept. 17, 1990.

Filed Feb. 1, 1991.

George L. Richardson (appointed by this Court), for appellant.

John R. Fisher, and Elizabeth Trosman, Asst. U.S. Attys., with whom Jay B. Stephens, U.S. Atty., Dept. of Justice, were on the brief, for appellee.

Before WALD, RUTH BADER GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

In this Union Station stop case, appellant Terrence Broxton received a 10–year mandatory minimum sentence for one count of possession with intent to distribute cocaine; he was also convicted of one count of marijuana possession for which he received a

one-year prison term to be served concurrently with the 10–year sentence. On appeal, Broxton challenges the constitutionality of the Sentencing Guidelines and the 10–year mandatory minimum. He also challenges the jury selection method used by the district judge, the jury instructions, and the denial of his suppression motion. As we find these challenges to be unavailing, we affirm Broxton's conviction and sentence.

I.

Just after midnight on June 21, 1989, Terrence Broxton disembarked at Union Station in Washington, D.C. from a train which had just arrived from New York City. He quickly walked through the station and entered a phone booth. He did not use the phone; rather, he sat down and looked around the station. After a few moments, he began walking toward the waiting area.

Officer William Buss, an investigator with the Washington, D.C. Metropolitan Police Department, approached Broxton and identified himself as a police officer, displaying his identification folder. Without being asked, Broxton proffered the plastic bag he was carrying to the officer. Officer Buss inquired whether he could ask Broxton some questions. Broxton replied that it would be "no problem." In response to Buss's questions, Broxton stated that he left his ticket on the train and that he had been living in the District on Martin Luther King Avenue but that he could not recall the address. When asked whether he was carrying any drugs or guns "on his person," Broxton replied by beginning to pat himself down. The officer asked "Do you mind if I do that?" and Broxton put his arms out to the side sighing, "Go ahead." Officer Buss found six small packets of marijuana in Broxton's pants pockets. After recovering the marijuana, Buss continued the search and found narcotics paraphernalia in Broxton's rear pocket and a clear plastic bag of white rock-like substance near his crotch. A second officer, Sergeant Brennan, who had approached Broxton from behind while Officer Buss

was conducting the search, made his presence known after Buss had located the marijuana. The white substance field-tested positive for cocaine weighing just over 60 grams.

Broxton was arrested and charged with marijuana possession and possession of cocaine with intent to distribute. Prior to trial, the court held a suppression hearing at which Officer Buss testified that he had used a conversational tone and did not display his badge, weapon or handcuffs during his encounter with Broxton. He further testified that Broxton voluntarily put his arms up to allow the officer to search him. The district court denied Broxton's motion to suppress the narcotics, finding the search to be consensual.

A jury convicted Broxton of both narcotics counts. At sentencing, defense counsel agreed that the judge had no alternative to the 10–year mandatory minimum sentence required under 21 U.S.C. § 841(b)(1)(A) for the cocaine offense. The judge sentenced Broxton to 10 years, stating, "I wouldn't give you ten years if I didn't have to." Transcript of Sentencing Hearing, December 13, 1989, at 3.

## II.

Broxton asserts several challenges to his conviction and sentence. As his arguments are unsupported by precedent, his conviction and sentence must be affirmed.

### A. *District Court's Denial of Suppression Motion*

■ Asserting that the search was not consensual, Broxton challenges the district court's denial of his suppression motion. The judge, however, reasonably credited Officer Buss's testimony that Broxton submitted, without coercion, to the search of his person. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973) (voluntariness of search is determined by totality of the circumstances); *United States v. Smith,* 901 F.2d 1116 (D.C.Cir.1990); *United*

States v. Maragh, 894 F.2d 415 (D.C.Cir. 1990). We note specifically the absence of precedent distinguishing in this context, for the purpose of voluntariness determinations, between a search of a person and a search of personal luggage. *See United States v. Morgan,* 914 F.2d 272 (D.C.Cir. 1990) (consensual search of back pocket held constitutional).

### B. *District Court's Procedures for Impaneling the Jury*

■ Broxton next urges reversal on the ground that the district court used an unfair method to select the jury. The "struck jury" method,[1] Broxton claims, deprived him of the opportunity to "put[ ] the last juror in the box" and to observe the "chemistry of the jury cross-section at any particular time." Transcript at 8. Broxton maintains that jury selection must be conducted round by round.

■ The district court has broad discretion to determine the method of exercising peremptory challenges. *See Pointer v. United States,* 151 U.S. 396, 408–10, 14 S.Ct. 410, 414–15, 38 L.Ed. 208 (1894). It suffices that the method chosen allows the defendant to make his peremptory challenges without embarrassment and does not intimidate him from exercising them. *Id.* at 408, 14 S.Ct. at 414; *see also United States v. Smith,* 891 F.2d 935, 938 (D.C.Cir. 1989).

The method employed by the district court here did not lessen Broxton's ability to exercise his peremptory challenges without embarrassment or intimidation. Moreover, we have held that the defendant has no constitutionally protected right to exercise the final peremptory challenge. *See United States v. Smith,* 891 F.2d at 938. Thus, Broxton's objection to the method of jury selection is insubstantial.

### C. *Jury Instructions*

Broxton raises two issues regarding the jury instructions. First, he contends that

---

**1.** The "struck jury" selection system requires both parties to simultaneously notify the court of their peremptory challenges. *See United*

States v. Blouin, 666 F.2d 796, 797 n. 1 (2d Cir.1981).

[redacted] 

the jurors should have been informed that he would receive a mandatory minimum sentence of 10 years if convicted of possession with intent to distribute 50 grams or more of cocaine. Second, he asserts that the district court erred by essentially directing the jury to enter a guilty verdict. Neither of these challenges has merit.

[redacted] In non-capital cases, fixing punishment is not the function of the jury; rather, the jury's sole function is to ascertain guilt or innocence. *See, e.g., United States v. Patrick,* 494 F.2d 1150, 1153 (D.C. Cir.1974). Hence, the jury is not to consider the potential punishment which could result from a conviction. *See, e.g., United States v. Cox,* 696 F.2d 1294, 1298 (11th Cir.1983), *cert. denied,* 464 U.S. 827, 104 S.Ct. 99, 78 L.Ed.2d 104 (1984). Accordingly, the district court committed no error in refusing to inform the jury about the mandatory minimum sentence. *See United States v. Goodface,* 835 F.2d 1233, 1237 (8th Cir.1987); *Chapman v. United States,* 443 F.2d 917, 920 (10th Cir.1971); *United States v. De Toro,* 426 F.2d 181, 184 (5th Cir.), *cert. denied,* 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60 (1970).

[redacted] Similarly, the district court did not err by instructing the jurors that they "should" return a guilty verdict if they found that the government had proved its case beyond a reasonable doubt. This instruction did not, as Broxton contends, direct the jury to find him guilty. Rather, it clarified the jury's responsibility upon making the described factual determination. The language employed by the district court in this instruction is similar to that sanctioned by this court in *Billeci v. United States,* 184 F.2d 394, 399 (D.C.Cir.1950) ("The law is that if the jury believes beyond a reasonable doubt that the defendant has committed the alleged offense it should find a verdict of guilty.").

D. Sentencing Challenges

Broxton's trial counsel agreed with the district court that the 10-year mandatory minimum sentence applied. *See* 21 U.S.C. § 841(b)(1). On appeal, Broxton nevertheless asserts that the mandatory minimum

[redacted]

sentence and the Sentencing Guidelines are unconstitutional. Moreover, Broxton urges that these challenges should not be reviewed under the plain error standard because he raised these issues in his modified docketing statement filed in this court.

[redacted] This notice to the court of appeals of the issues Broxton intended to raise did not overcome the district court's lack of opportunity to rule on the challenges. Accordingly, plain error is the appropriate standard of review. *See United States v. Ortez,* 902 F.2d 61, 64 (D.C.Cir.1990). Thus, Broxton may prevail only if he can demonstrate that the alleged errors "so fundamentally violated [his] rights that they require reversal regardless of [Broxton's] failure to object to them at trial." *Ortez,* 902 F.2d at 64. Broxton's challenges fall substantially short of this standard.

First, Broxton argues that the application of a mandatory minimum is unconstitutional, depriving him of due process and equal protection. He bases these assertions on the fact that there is no opportunity to depart downward from the mandatory minimum sentence even though this is his first offense. He further asserts that mandatory minimum sentences deprive the defendant of his right to allocution because nothing he says can lead to a lower sentence. Finally, Broxton attacks 18 U.S.C. § 3553(e), which authorizes the court, upon motion by the government, to impose a sentence below the mandatory minimum where the defendant has provided substantial assistance to the government. Section 3553(e) is unconstitutionally narrow, Broxton argues, because it is the only corridor open for downward departure from statutorily-prescribed sentences and it is unavailable to defendants like himself who are unable to help the authorities with any investigations. He also asserts that § 3553(e) is unconstitutionally limited because it places the only possibility for reduction of a mandatory minimum sentence in the hands of the government and does not take into account an individual defendant's lack of criminal history.

■ Sister courts have rejected all of these assertions. First, mandatory minimum sentences have been upheld as a valid exercise of legislative prerogative. *See, e.g., United States v. Thomas*, 884 F.2d 540, 543 (10th Cir.1989); *United States v. Erves*, 880 F.2d 376, 379 (11th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989). True, the lack of a prior criminal history is not relevant when a defendant is subject to a mandatory minimum sentence. We note, however, that had Broxton previously been convicted of a felony drug offense, the mandatory minimum sentence would have increased from 10 years to 20. *See* 21 U.S.C. § 841(b)(1).

■ Nor is there an equal protection infraction in the circumstance that Broxton was not able to assist the government in any way that might lead the government to request a more lenient sentence under 18 U.S.C. § 3553(e). *See United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir. 1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989). The statute makes a stark distinction between those who assist the government and those who cannot or will not. Because the public interest in obtaining valuable information provides a reasonable basis for drawing this distinction, the statute is not constitutionally infirm. *See Musser*, 856 F.2d at 1487, citing *United States v. Holmes*, 838 F.2d 1175 (11th Cir.1988).

■ Broxton's final challenge is that his sentence is so harsh in comparison to the sentence given a similarly-situated defendant that it should "shock the conscience of the court." Reply Brief at 5–6, citing *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). Broxton claims that a defendant in a separate case, who was charged, *inter alia*, with possession with intent to distribute over 50 grams of cocaine base, received only a 30–month sentence as a result of a plea bargain. Broxton asserts that he was not given the option of a plea agreement and received a 120–month term because his case went to trial.

This challenge too must fail because plea bargaining is not a right guaranteed to defendants. *See United States v. McCoy*, 767 F.2d 395 (7th Cir.1985). The offense of which Broxton was convicted carries a mandatory term; others convicted of the same crime are sentenced to the same term. Thus, there is no basis for arguing that he was unfairly deprived of his liberty.

Accordingly, Broxton's conviction and sentence are

*Affirmed.*