946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Augustine Rolf DANTES, Appellant.
 No. 90-3279.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 30, 1991.
 
 Appeal from the United States District Court for the District of Columbia, Cr. No. 90-00104-01; Norma Holloway Johnson, J.
 Before RUTH BADER GINSBURG, D.H. GINSBURG and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction and sentence be affirmed. The sentencing court may grant a downward departure to recognize a defendant's substantial assistance to authorities only on motion by the government. See United States Sentencing Guidelines § 5K1.1; 18 U.S.C. § 3553(e); United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990). "[R]eview by the district court remains available[, however,] in cases where the government's refusal to move for a departure violates the terms of a cooperation agreement...." United States v. Doe, 934 F.2d 353, 358 (D.C.Cir.1991).
 
 
 3
 The plea agreement between appellant and the United States provided that the government would move for a downward departure if appellant furnished substantial assistance in the investigation or prosecution of another person who had committed any offense. Appellant asserts that the United States breached the plea agreement in failing to move for a downward departure. The district court correctly held, however, that appellant had not provided substantial assistance despite his effort to assist the government by furnishing what little information he had. See United States Sentencing Guidelines App.C., amendment 290 (explaining that amendment to § 5K1.1 replacing "made a good faith effort to provide" with "provided" substantial assistance was intended to clarify that departures must "be based upon the provision of substantial assistance" and not on a mere "willingness to provide such assistance"); United States v. Broxton, 926 F.2d 1180, 1184 (D.C.Cir.1991) ("[Section 3553(e) ] makes a stark distinction between those who assist the government and those who cannot...."). Because appellant did not provide the requisite substantial assistance, the government did not violate the plea agreement in refusing to move for a downward departure.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.