946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Darin CHASE.
 No. 89-3098.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 20, 1991.
Rehearing and Rehearing En Banc Denied Dec. 5, 1991.
 
 Appeal from the United States District Court for the District of Columbia, No. CR-89-00006-01; Flannery, J.
 Before RUTH BADER GINSBURG, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For reasons indicated by the district court in its November 21, 1991 Order and Memorandum Opinion denying defendant's motion for a new trial, and as further explained in the attached memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court's June 2, 1989 judgment of conviction and November 21, 1990 order denying a new trial be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Defendant Chase was charged with unlawful distribution of a mixture of 100 grams and more containing PCP, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iv). The DEA forensic chemist testified that the two bottles Chase sold to undercover DEA Agent Robshaw contained a mixture of over eight times the amount specified in § 841(b)(1)(B)(iv). Accordingly, Chase's prime ground for appeal, an alleged "fatal variance between the jury verdict and what the Government actually proved," is untenable.
 
 
 5
 Chase also asserts that several "plain errors" infected the charge to the jury. These assertions are largely frivolous. The strategic judgment whether to seek an instruction on defendant's right to remain silent is for trial counsel to make. That choice was intelligently made in this case and is not subject to the second guess of new counsel on appeal. It was hardly "error," moreover, to refuse to inform the jury about the minimum mandatory sentence, for "the jury's sole function is to ascertain guilt or innocence." United States v. Broxton, 926 F.2d 1180, 1182 (D.C.Cir.1991).
 
 
 6
 Nor was any evidence "missing." Fifty milliliters of the PCP mixture Chase sold to Agent Robshaw were introduced at trial; the rest, apart from the amount consumed in testing, was properly destroyed in accordance with DEA routine procedures for dealing with such dangerously flammable fluids. And because this evidence was inculpatory rather than exculpatory, the fact that part of its was destroyed by the government is of no consequence. Furthermore, the judge properly charged the jury on specific intent and defendant, who presented no additional charge request, was entitled to no more. Also, in view of our case law, the conduct of government informant Barker hardly qualified for inclusion in the slim category of police behavior that "shocks the conscience." See, e.g., United States v. Nicely, 922 F.2d 850, 859-60 (D.C.Cir.1991); United States v. Kelly, 707 F.2d 1460, 1476 (D.C.Cir.), cert. denied, 464 U.S. 908 (1983).
 
 
 7
 Chase neither requested, nor was he entitled to, a lesser included offense instruction; the indictment charged, and the government proved, simply and only that Chase intentionally distributed greater than 100 grams of a mixture containing a detectable amount of PCP. Finally, in response to defense counsel's objection to the prosecutor's reference in closing argument to a homicide in which Chase's brother was a suspect, the district court immediately repeated the instruction that a lawyer's argument is not evidence and that the jury was to consider only the evidence in the case. That reiteration sufficed and no mistrial declaration was mandated.
 
 
 8
 Again because "the jury is not to consider the potential punishment which could result from [a] conviction," Broxton, 926 F.2d at 1182, the trial judge did not err in stopping defense counsel from urging that the jury's mission was to decide whether defendant "should go to a federal penal institution." Nor do we find substantial defendant's objections regarding the enhancement of his sentence. Enhancement may be based on conviction under the "law of a State." 21 U.S.C. § 841(b)(1)(B); see United States v. Jordan, 810 F.2d 262 (D.C.Cir.), cert. denied, 481 U.S. 1032 (1987). Upon the government's production of a certified copy of Chase's prior felony conviction and the district court's inquiry, defense counsel did not challenge the proof showing that on December 28, 1987, Chase was convicted in Maryland of possession with intent to distribute cocaine. The district court did not ask Chase personally "whether he affirms or denies the previous [Maryland] conviction." See Jordan, 810 F.2d at 269. At oral argument, however, counsel stated that Chase does not deny, and tenders no challenge to, the prior conviction. The district judge's omission, in sum, means that Chase cannot be charged with waiving his right to attack the Maryland conviction; however, the trial court's omission, in the absence of any present attack on the Maryland conviction, does not justify a remand that would obviously prove futile.
 
 
 9
 As to the alleged request for a downward departure from the Sentencing Guidelines, it suffices to point out that no precise motion, to which the government could intelligently respond, was ever made by defense counsel. See United States v. Gates, 807 F.2d 1075, 1082 (D.C.Cir.1986). Additionally, we are satisfied, as was the district court, that trial counsel was not "ineffective" within the meaning attributed to that term in Strickland v. Washington, 466 U.S. 668 (1984).