959 F.2d 1102
 295 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James R. JONES, Appellant.
 No. 91-3027.
 United States Court of Appeals, District of Columbia Circuit.
 April 9, 1992.
Rehearing and Rehearing En Banc
Denied June 15, 1992.
 
 Before BUCKLEY, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that the judgment of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Sometime after 9:00 a.m. on September 6, 1989, a teacher telephoned a District of Columbia police substation to report that two men were in a park at Second Street and South Carolina Avenue, Southeast, and that they had a safe and were dividing up a large sum of money. A lookout was broadcast and Officer Ronald Thomas of the Metropolitan Police Department ("MPD") sent to investigate. After the citizen had identified two men as the subjects, Officer Thomas trailed them in his vehicle. He radioed their descriptions and asked for assistance.
 
 
 5
 Officers Fred Johnson and Arthur Butts, Jr., heard the transmissions on their car radio and observed two men who matched the descriptions walking towards an area known for its drug activity. When the officers asked them to "come here," both appeared ready to run. As the officers approached, one man fled with Officer Butts in pursuit. Officer Johnson grabbed the other, James R. Jones, and led him to the car to await assistance. In the meantime, Officer Butts caught Jones's companion, a juvenile, after seeing him discard a bag that contained 12.44 grams of 88% pure cocaine base.
 
 
 6
 When help arrived, Officer Johnson pat-frisked Jones for weapons and sat him on the curb. A short time later, the officers observed a large zip-lock bag on the ground one or two feet from Jones. It contained what proved to be 18.9 grams of 84% pure cocaine base. Officer Johnson would later testify that the bag was not present when he placed Jones on the curb. Officer Johnson picked up the bag and arrested Jones. He then searched Jones and recovered approximately $1,580 from one of his pockets.
 
 
 7
 At a suppression hearing, the district court held that there was "nothing constitutionally impermissible" with respect to the arrest and denied Jones's motion to suppress.*
 
 
 8
 At trial, the prosecution offered the expert testimony of Detective Joseph Brenner, a twenty-three-year veteran of the MPD and member of the narcotics branch. He stated that the amount of drugs seized was inconsistent with personal use and consistent with distribution. He also testified that razor blades found in the safe, which had been abandoned in the park, were probably used to cut the crack into smaller pieces, and that it was likely that the safe was used to store the drugs and money.
 
 
 9
 A jury convicted Jones of all charges, and he was sentenced to 97 months, the lowest sentence in the appropriate federal sentencing guideline range. This appeal followed.
 
 ANALYSIS
 
 10
 A. Failure to Suppress the Cocaine and Money
 
 
 11
 Jones first argues that Officer Thomas unlawfully seized him when he grabbed him and led him to the patrol car. Whether reasonable suspicion or probable cause exists to justify a seizure is a mixed question of fact and law. United States v. Campbell, 843 F.2d 1089, 1092 (8th Cir.1988). Therefore, "[o]n appeal, the district court's conclusions of law are not binding on this court; we are free to draw our own legal conclusions.... As to factual matters, however, we must abide by the district court's findings unless they are clearly erroneous." United States v. Hinckley, 672 F.2d 115, 119 (D.C.Cir.1982) (citations omitted).
 
 
 12
 The first question we must ask is whether Officer Johnson's taking hold of Jones was an investigatory stop or an arrest. In United States v. White, 648 F.2d 29 (D.C.Cir.), cert. denied, 454 U.S. 924 (1981), we listed several factors that are to be considered in determining whether a stop or an arrest has taken place:
 
 
 13
 the officer's intent in stopping the citizen; the impression conveyed to the citizen as to whether he was in custody or only briefly detained for questioning; the length of the stop; the questions, if any, asked; and the extent of the search, if any, made.
 
 
 14
 Id. at 34 (citations omitted). The circumstances here were consistent with a stop. Testimony showed that the subjects were merely sought for questioning. Thus, the officers only asked them to "come here"; the encounter was short (long enough for Officer Butts to catch the other subject in a two-block chase); the initial search was limited to a pat-frisk; Jones was asked only brief, investigatory questions; and he was not told he was under arrest until after the cocaine had been discovered.
 
 
 15
 We next consider whether there was sufficient reason for the stop. The Supreme Court has stated that
 
 
 16
 the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause.
 
 
 17
 United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotation marks and citation omitted). In evaluating the propriety of a stop, we consider "the totality of the circumstances--the whole picture." Id. at 8 (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)).
 
 
 18
 Jones argues that as he was walking along the street peaceably and not acting in a furtive manner, the officers lacked the requisite articulable suspicion to detain him. We disagree. The officers had been informed that the two men had been seen in a public park with a safe and a large amount of cash. The same men were then seen walking towards an area known for its high incidence of crime. While not furtive, this conduct could certainly arouse legitimate suspicion that criminal activity was afoot. "Terry itself involved 'a series of acts, each of them perhaps innocent' if viewed separately, 'but which taken together warranted further investigation.' " Sokolow, 490 U.S. at 9-10 (quoting Terry v. Ohio, 392 U.S. 1, 22 (1968)). The fact that Jones's companion had fled at the sight of the police and that Jones himself appeared ready to run also supports a finding of reasonable suspicion. "[D]eliberately furtive actions and flight at the approach of strangers or law officers are ... proper factors to be considered in the decision to make an arrest." Peters v. New York, decided with Sibron v. New York, 392 U.S. 40, 66-67 (1968). See also California v. Hodari D., 111 S.Ct. 1547, 1549 n. 1 (1991).
 
 
 19
 Based on these circumstances, we find that Jones was the subject of a proper investigatory stop. As his abandonment of the cocaine was not the result of police misfeasance, the Government could properly enter it into evidence. See United States v. Lewis, 921 F.2d 1294, 1302 (D.C.Cir.1991). The money later found on Jones's person was also admissible as it was discovered in the course of a search incident to a valid arrest. See United States v. Robinson, 414 U.S. 218, 224 (1973).
 
 B. Sufficiency of the Evidence
 
 20
 Our review of the sufficiency of the evidence is limited to determining " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Poston, 902 F.2d 90, 94 (D.C.Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in the original)).
 
 
 21
 Jones asserts that the Government's evidence was circumstantial, and that his "presence in the area, his proximity to the contraband, [and] his association with the juvenile are all circumstances that are sufficiently consistent with innocence." Brief for Appellant at 11. The question before us, however, is not whether the evidence is consistent with innocence, but whether there is sufficient evidence "upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." See United States v. Joseph, 892 F.2d 118, 125 (D.C.Cir.1989) (internal quotation marks and citation omitted).
 
 
 22
 Here, a bag containing 18.9 grams of cocaine had been found one or two feet from Jones, whereas none had been there before he was seated; an expert witness testified that this quantity was consistent with distribution rather than personal use; Jones and his juvenile companion had been approached as they were walking towards an area known for drug trafficking; the juvenile was found to possess 12.44 grams of cocaine; and drug paraphernalia (razor blades) and a large quantity of cash were recovered from Jones and his safe. This evidence is sufficient to support a conviction for possession with intent to distribute. See, e.g., United States v. Smith, 520 F.2d 74, 76 (D.C.Cir.1975) (conviction for possession of marijuana upheld where brown bag containing marijuana found on sidewalk below open window next to which defendant was standing); United States v. Raper, 676 F.2d 841, 845 (D.C.Cir.1982) ("intent to distribute may be inferred from possession of ... quantity of drugs larger than needed for personal use.").
 
 C. Sentencing
 
 23
 Finally, Jones claims that in sentencing him, the district court erred in denying his request for a downward departure from the range of sentences calculated under the United States Sentencing Guidelines. He asserts that the court should have taken two mitigating circumstances into account. First, the prosecutor elected to file charges against him in U.S. District Court rather than in D.C. Superior Court; as a result, he was subject to the more severe federal penalties and had no hope of rehabilitative sentencing. Second, the prosecutor refused to tender him a favorable plea offer. We reject both arguments. In Hutcherson v. United States, 345 F.2d 964 (D.C.Cir.), cert. denied, 382 U.S. 894 (1965), we held that "[a] defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution. That choice is to be made by the United States Attorney." Id. at 967. See also United States v. Batchelder, 442 U.S. 114, 125 (1979). It is equally axiomatic that "plea bargaining is not a right guaranteed to defendants." United States v. Broxton, 926 F.2d 1180, 1184 (D.C.Cir.1990).
 
 CONCLUSION
 
 24
 For the foregoing reasons, the district court's judgment is Affirmed.