15 F.3d 1160
 304 U.S.App.D.C. 429
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Tyrone JACKSON, Appellant.
 No. 91-3139.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 13, 1994.
 
 Before: SILBERMAN, SENTELLE, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the district court appealed from in this case is hereby affirmed. Though the appellant has not waived his right to argue that he has standing to contest the constitutionality of the search of his wife's purse and the paper bag contained therein, he is limited to the evidence presented at the first suppression hearing. Appellant introduced no evidence indicating ownership or possession of the purse and thus is left with the weak argument that he had a proprietary or possessory interest merely because the purse belonged to his wife and because he picked it up and brought it to his wife. That is inadequate to establish a reasonable expectation of privacy in the purse. With respect to whether appellant had an expectation of privacy in the paper bag, an argument which appellant did not explicitly raise below, we review the district court's rejection of his motion to suppress for plain error. See United States v. Broxton, 926 F.2d 1180, 1183 (D.C.Cir.1991). After considering the evidence and the five factors to be used in evaluating whether an individual has a reasonable expectation of privacy, See United States v. Burnett, 890 F.2d 1233, 1237 (D.C.Cir.1989), we conclude that the district court did not commit plain error when it held that appellant did not possess a reasonable expectation of privacy in the paper bag. For that reason, Mr. Jackson's attempt to suppress his statements made after the search of the purse and bag, as fruits of a tainted search, see Wong Sun v. United States, 371 U.S. 471 (1963), also falls short. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.