UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1606

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ZULMA JORGE TORRES,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Gilberto Gierbolini, U.S. District Judge]
 

 

 Before

 Torruella, Chief Judge,
 

 Boudin, Circuit Judge,
 

 and Keeton,* District Judge.
 

 

Gustavo A. Gelpi, Assistant Federal Public Defender, with whom
 
Benicio Sanchez-Rivera, Federal Public Defender, was on brief for
 
appellant.
Jeanette Mercado-Rios, Assistant United States Attorney, with
 
whom Jose A. Quiles-Espinosa, Senior Litigation Counsel, was on brief
 
for the United States.

 

 August 31, 1994
 

 

*
Of the District of Massachusetts, sitting by designation.

 BOUDIN, Circuit Judge. On December 19, 1992, Zulma
 

Jorge-Torres arrived in San Juan, Puerto Rico, on a flight

from Barbados. Customs inspection revealed that her handbag

contained a false bottom filled with heroin. This, together

with the heroin concealed in her tennis shoes and a pen

holder, was later found by laboratory analysis to amount to

1.5 kilograms of heroin with a purity strength of 97 per

cent. 

 Jorge-Torres was charged with knowing possession with

intent to distribute and with importation, in a two-count

indictment under 21 U.S.C. 841(a)(1) and 952(a).

Thereafter, Jorge-Torres changed her initial not guilty plea

to a plea of guilty to both counts and sought to cooperate

with the government. It appears that Jorge-Torres then

provided the government with whatever limited information she

had concerning the network, including how the transaction

occurred and who supplied the drugs or was otherwise

involved.

 Under the Sentencing Guidelines, a quantity of heroin

between 1 and 3 kilograms corresponds to a base offense level

of 32. See U.S.S.G. 2D1.1(a)(3). With a four-point
 

reduction for minimal participation and a further three-point

reduction for acceptance of responsibility, U.S.S.G. 

3B1.2(a), 3E1.1(b), Jorge-Torres' total offense level was 25.

Given a criminal history category of I, the guideline

imprisonment range was 57-71 months.

 However, by statute the minimum term for the offenses,

based on the quantity of drugs involved, is ten years. See
 

21 U.S.C. 841(b)(1)(A), 960(b)(1)(A). On motion by the

government, the district court has the authority to "impose a

sentence below a level established by statute as [a] minimum

sentence so as to reflect the defendant's substantial

assistance" in investigating or prosecuting another. 18

U.S.C. 3553(e). See also U.S.S.G. 5K1.1 (permitting a
 

comparable departure from the guidelines). The district

court cannot sentence below a statutory minimum based on

substantial assistance unless the government so moves. See
 

Wade v. United States, 112 S. Ct. 1840 (1992).
 

 At the sentencing hearing, the district judge encouraged

government counsel to consider a departure. The assistant

U.S. attorney declined, indicating that the information

Jorge-Torres provided had not led to further arrests, and

that consequently the government did not believe that it

could find that substantial assistance had been furnished in

this case. The prosecutor did not expressly dispute that the

defendant had in good faith provided the government all of

the information that she possessed.

 Defense counsel pressed the judge to afford a hearing on

substantial assistance but offered no basis for thinking that

 -3-

anything could be adduced at the hearing beyond the facts

already described, namely, that Jorge-Torres had done all she

could, but the leads had not been helpful to the government.

The district court expressed frustration with the guidelines-

-in this instance the statutory minimum is the real culprit--

but found that the government's refusal to move for a

departure made a further hearing pointless. A statutory

minimum sentence of 10 years was then imposed.

 On appeal, counsel for defendant has made a

constitutional attack on the statute and guidelines. It

violates equal protection, so defense counsel argues, to

impose a long sentence on Jorge-Torres, a low-level courier

who tries her best to cooperate but has little information to

give, while providing lower sentences to major drug dealers

whose offenses are far more serious but who happen to have

plenty of information to trade. Accordingly, defendant says

that the substantial assistance regime as currently

structured provides discrepant treatment that serves no

rational purpose consistent with the ends of Congress.

 The equal protection test is not a demanding one where,

as here, there is no suspect classification underlying the

disparate treatment, nor a substantial burden on a protected

constitutional right. See City of Cleburne v. Cleburne
 

Living Center, 473 U.S. 432 (1985). It is not irrational to
 

provide a reward to a kingpin whose information permits the

 -4-

government to shut down a drug network nor is it irrational

to withhold such leniency from a less important member of the

ring who tries to assist but has nothing to offer. Indeed,

to offer leniency in exchange for useful information is not

inherently a harsh arrangement: only the 10-year minimum

makes it so. In any event, such a regime plainly does not

lack a rational basis.

 But Jorge-Torres' argument has a somewhat sharper point.

A reasonable classification, says defendant's brief, "must

rest upon some ground of difference having a fair and

substantial relation to the object of the legislation . . .
 

." Johnson v. Robison, 415 U.S. 361, 374-75 (1974) (emphasis
 

added). Here, the defendant argues, Congress aimed at

achieving fairness in sentencing, and there is no fairness in

giving the defendant a 10-year sentence when a drug kingpin

could easily receive a lesser sentence for the same quantity

of drugs as long as the kingpin brought along useful

information to trade in exchange for a lighter sentence.

 It is not clear that this equal protection argument was

ever squarely presented to the lower court but, as the

government has not claimed waiver, we address the point on

the merits. There may also be some doubt about the legal

premise that an equal protection analysis has to be focused

solely upon the specific objectives set forth by Congress and

without resort to other possibilities. We need not pursue

 -5-

this point because even if the legal premise is sound, the

claim of irrationality still fails in this case when measured

against Congress' statutory purposes.

 In broad terms it can be said that Congress in its

sentencing provisions aimed at fairness. Cf. 28 U.S.C. 
 

991(b)(1)(B) (mentioning fairness). But in fact an

examination of the various statutes in which Congress has

referred to the purposes of sentencing reveals a cross-

current of objectives expressed at various levels of

generality, e.g., 18 U.S.C. 3553(a) (listing seven
 

categories of matters to be considered). Worse still, from

Jorge-Torres' standpoint, 18 U.S.C. 3553(e) expressly

provides that departures below a statutory minimum may be

allowed to reflect a defendant's substantial assistance in

investigating or prosecuting others.

 Whatever one might say in the abstract about the

fairness of the present structure, it is plainly not an

irrational departure from the objectives that Congress itself
 

has set forth. On the contrary, affording great weight to

substantial assistance--it is virtually the only occasion on

which the statutory minimums may be disregarded--is Congress'
 

purpose. While section 3553(e) may not literally command

more favorable treatment of kingpins with information than

for couriers without it, that outcome could easily have been

foreseen when Congress adopted the provision.

 -6-

 This court has not previously considered an equal

protection challenge of this kind, although we earlier

rejected a due process challenge to the substantial-

assistance regime. See United States v. La Guardia, 902 F.2d
 

1010 (1st Cir. 1990). However, four other circuits have

rejected equal protection challenges not very different from

that advanced here.* The government has correctly not

questioned our authority to review a constitutional attack on

the provision, even though refusals to depart are normally

not reviewable. La Guardia, 902 F.2d at 1012. But having
 

considered the issue on its merits, we reject the

constitutional claim.

 A somewhat different issue might have been raised and,

in the interests of justice, we feel compelled to remark upon

it. From a review of the transcript of the sentencing

hearing, one might think that the government here felt that

it lacked authority to recommend a departure even if it

wished to do so. It might appear that the assistant U.S.

attorney was blaming the statutory "substantial assistance"

requirement and saying that his office was unable to move for

a departure because none of the leads provided by Jorge-

 

United States v. Musser, 856 F.2d 1484, 1486-87 (11th Cir.
 
1988), cert. denied, 489 U.S. 1022 (1989); United States v.
 
Rojas-Martinez, 968 F.2d 415, 419-20 (5th Cir.), cert.
 
denied, 113 S. Ct. 828 (1992) and 113 S. Ct. 995 (1993);
 
United States v. Horn, 946 F.2d 738, 746 (10th Cir. 1991);
 
United States v. Broxton, 926 F.2d 1180, 1183-84 (D.C. Cir.
 
1991).

 -7-

Torres had resulted in an arrest or otherwise made any dent

in a drug cartel.

 The "substantial assistance" phrase is a very general

one. Despite some arguments to the contrary, we think that

it is at least plausible to contend that the prosecutor is

entirely free to treat as "substantial assistance" a

defendant's provision of a substantial amount of information

pertaining to the operation of a drug ring and--at least

where the defendant has told all he or she can tell--to treat

this as substantial assistance, regardless of whether it

results in a further arrest or prosecution. If we thought

that the government was generally confused about this matter,

we would provide it with further opportunity for reflection

in this case.

 The government points out that the guideline provision

that paralleled the statutory provision had originally

provided for a possible departure where defendant made "a

good faith effort" to provide substantial assistance. See
 

U.S.S.G. App. C, amendment No. 290 (November 1989), deleting

the "good faith" language and substituting the requirement

that the defendant provide substantial assistance. However,

the Commission's stated reason for the change--to require

more than mere "willingness" to provide information, id.--
 

does not cast much light on how much information is

substantial.

 -8-

 In fact, we have no reason to believe that the

government is in any way confused about the broad scope of

its authority to discern "substantial assistance" in a good

faith proffer of specific information about a drug ring by a

low-level defendant. Rather, we have a firm impression that

prosecutors have taken a hard line in determining what they

will regard as substantial cooperation. While this will seem

harsh to many, it is likely that the prosecutors would

explain--if they had any duty to explain--that it is

difficult for them to tell if a defendant has actually given

all that he or she knows. Thus, they might argue, the

promise of a reward for results, and only for results, is a

necessary resort.

 On this appeal, counsel for Jorge-Torres has not

suggested that the prosector misunderstood the scope of his

discretion. Further, there is no claim that the prosecutor

was motivated by an unconstitutional purpose such as racial
 

discrimination, a very small loophole that the Supreme Court

has left open for possible judicial review of a prosecutor's

refusal to move for a departure. See Wade, 112 S. Ct. at
 

1843. Defendant's brief does refer to this loophole but only

to assert the equal protection claim already addressed and

rejected.

 Affirmed.
 

 -9-