66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Lee CARVER, Defendant-Appellant.
 No. 94-6166.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: KRUPANSKY, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Charles Lee Carver appeals his judgment of conviction and sentence after a jury found him guilty of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 846, aiding and abetting the possession with intent to distribute cocaine base in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1), and aiding and abetting the use of the U.S. mails to facilitate commission of a drug crime in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 843(b). The district court sentenced Carver to 240 months of imprisonment and ten years of supervised release, and imposed a $150 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Carver's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Although believing the appeal to be without merit, counsel has submitted seven issues for review. In his response to his counsel's motion to withdraw, Carver has submitted an additional eight issues. Upon review, we conclude that all fifteen issues are without merit. The court notes that Carver filed a supplemental response raising five more issues. However, the court will not consider these issues because Carver filed this response over two and a half months after it was due.
 
 
 3
 First, sufficient evidence exists to support Carver's conviction because, after the court views the evidence in the light most favorable to the government and draws all reasonable inferences in favor of the government, a reasonable juror could conclude that each element of the offense has been established beyond a reasonable doubt. United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994). Second, the district court properly denied Carver's motion for a new trial based on newly discovered evidence. See United States v. Garcia, 19 F.3d 1123, 1126 (6th Cir.1994). Third, the district court properly declined to instruct the jury that an overt act was required for conspiracy under 21 U.S.C. Sec. 846. United States v. Shabani, 115 S.Ct. 382, 385 (1994). Fourth, the court also properly concluded that the disparate penalties between crack and cocaine powder do not violate the Constitution. United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 and 2172 and 115 S.Ct. 219 (1994). It is unnecessary to consider counsel's fifth and sixth arguments challenging the computation of Carver's total offense level and criminal history category under the Sentencing Guidelines because the district court sentenced Carver to the mandatory minimum sentence. Seventh, the mandatory minimum sentence required by 21 U.S.C. Sec. 841 is not excessive. United States v. Munoz, 36 F.3d 1229, 1239 (1st Cir.1994), cert. denied, 115 S.Ct. 1164 (1995); United States v. Broxton, 926 F.2d 1180, 1183-84 (D.C.Cir.) (per curiam), cert. denied, 499 U.S. 911 (1991).
 
 
 4
 Eighth, based on the testimony of a forensic expert, we conclude that the government proved at trial that the substance contained in the package sent by the defendant to Ernest Carver was cocaine base. Ninth, the period of supervised release imposed by the district court is consistent with the requirements of 21 U.S.C. Sec. 841(b)(1)(A) and USSG Sec. 5D1.2. Tenth, the government filed a notice of Carver's prior drug conviction for enhancement of his sentence prior to trial, as is required by 21 U.S.C. Sec. 851. Eleventh, Carver's alleged substance abuse problems are not sufficient grounds for downward departure from either the guideline range or the mandatory minimum sentence. See USSG Sec. 5H1.4. Twelfth, the district court complied with the requirements of Fed.R.Crim.P. 32(c)(3)(D) by making factual findings at Carver's sentencing that he was an organizer or leader of the criminal activity in this case. Thirteenth, the district court properly imposed a twenty year mandatory minimum sentence pursuant to 21 U.S.C. Sec. 846 as that section refers back to 21 U.S.C. Sec. 841 to determine the applicable sentence. Fourteenth, the government properly complied with the requirements of the Jencks Act in providing discovery to Carver. See United States v. Phibbs, 999 F.2d 1053, 1087-90 (6th Cir.1993), cert. denied, 114 S.Ct. 1070 and 1071 (1994). Fifteenth, we decline to address Carver's claim of ineffective assistance of counsel on direct criminal appeal because the record is inadequate to permit review of his claim. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994). Carver's ineffective assistance claim is more properly raised in a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. Id.
 
 
 5
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.