**UNITED STATES of America**

v.

**Ronald PIERRE, Appellant.**

**No. 91–3114.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 18, 1992.

**1356**

William J. Garber and Dennis M. Hart, Washington, D.C., appointed by this Court, for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BUCKLEY, SENTELLE, and HENDERSON, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Ronald Pierre challenges on several grounds his conviction for possession with intent to distribute crack cocaine. We have considered each of these, but find it necessary to discuss only one: his assertion that the district court erred in instructing the jury that it had a "duty" to find Pierre guilty if it found that the government had proved beyond a reasonable doubt all the essential elements of the crime with which he was charged. We hold that the instruction was proper, and therefore affirm the judgment of conviction.

## BACKGROUND

On October 18, 1990, Metropolitan Police Department drug interdiction unit detectives confronted Pierre at the Greyhound/Trailways bus station in Washington, D.C., and conducted a consent search. After finding 175 vials of cocaine in a false shaving cream can in his luggage, they arrested him. Subsequently, on November 6, 1990, the grand jury indicted him for one count of possession with intent to distribute cocaine. After an unsuccessful suppression motion, he stood trial. He now appeals from a sentence imposed after a guilty verdict. He assigns as errors the judge's ruling on the suppression motion, the judge's failure to give the jury tendered instructions on bias of an expert witness, and the judge's instruction that if the jury found that the government had proven beyond a reasonable doubt every element of the offense with which Pierre was charged, it was the jury's "duty" to convict. As to the first two alleged errors, we have given them due consideration but find them to be without merit. Only the third warrants specific discussion.

## DISCUSSION

In the relevant portion of the jury instruction, the court charged as follows:

Ladies and gentlemen, every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial, unless and until he is proven guilty beyond a reasonable doubt. The burden is upon the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence, or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, and which I will define for you, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element

of the offense beyond a reasonable doubt, then you must find him not guilty. Trial Tr. (Feb. 12, 1991) at 209–10.

Thus, the court informed the jury that it had as much of an obligation to find the defendant guilty if the government proved its case beyond a reasonable doubt as it did to find Pierre not guilty failing such a showing by the government. The instruction neither directed a guilty verdict nor placed inhibitions on the jury's right to acquit Pierre.

We recently upheld a district court's instruction to jurors "that they 'should' return a guilty verdict if they found that the government had proved its case beyond a reasonable doubt." *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C.Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991). We did so noting that the instruction did not direct a guilty verdict, but rather "clarified the jury's responsibility upon making the described factual determination." *Id.* This is not a proposition new with *Broxton*. In *Billeci v. United States*, 184 F.2d 394, 399 (D.C.Cir.1950), we held the law to be "that if the jury believes beyond a reasonable doubt that the defendant has committed the alleged offense it should find a verdict of guilty." All the instruction in *Broxton* did was accurately state that duty to the jury. Even so here.

In support of his claim that the district court committed reversible error, appellant cites this Court's decision in *United States v. Hayward*, 420 F.2d 142 (D.C.Cir.1969). In *Hayward*, the defendant was charged with first degree murder and carrying a dangerous weapon. At trial, he raised an alibi defense which alleged that he was not at the scene of the crime at the time it took place. At the close of trial, the district court, perhaps by inadvertence, instructed the jury that "if … you find that the Government has proved beyond a reasonable doubt that the Defendant was present at the time when and at the place where the offense charged was committed, then you must find the Defendant guilty." *Id.* at 143–44 (emphasis deleted). This Court

reversed the conviction because the instruction eliminated all considerations relevant to the jury's determination of guilt except whether the defendant was present at the scene of the crime at the time it occurred. *Id.* at 144–45. No such directing of a verdict occurred here. The district court as much instructed the jury of its duty to acquit should it fail to find that the government had proved its case beyond a reasonable doubt as of its duty to convict if the government had done so.

In *Billeci v. United States, supra*, we did reverse based on an instruction to the jury that "[i]f you believe from the testimony that the defendants have committed the crime of which they are charged, then you must find a verdict of guilty." 184 F.2d at 399. This Court found that the instruction amounted to reversible error because "[t]he law is that if the jury believes *beyond a reasonable doubt* that the defendant has committed the alleged offense it should find a verdict of guilty." *Id.* (emphasis added). We do not think it significant that the district court used the word "must" instead of "should"; the reversible error was made when the district court in *Billeci* omitted from its instruction the phrase "beyond a reasonable doubt." No such error occurred in the case at bar.

CONCLUSION

For the reasons set forth above, we conclude that it was proper for the district court to instruct the jury that it had a duty to find appellant guilty if the government proved beyond a reasonable doubt every element of the offense with which he was charged. In sum, the judgment of the district court is

*Affirmed.*