10-1868-cr
*United States v. Paredes-Cordova*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　No. 10-1868-cr

JORGE MARIO PAREDES-CORDOVA,

　　*Defendant-Appellant*,

BYRON BERGANZA, MARCO ANTONIO LARA PAIZ, ISAIAS TURCIOS, AKA Lico, AKA Lico Medina, OTONIEL TURCIOS-MARROQUIN, AKA Otto, AKA Tio, HECTOR EDUARDO MORATAYA-OLIVA, AKA Jeto, MYVA LORENA ORELLANA-MORALES, CARLOS LEMUS DORION,

　　*Defendants.*[1]

---

[1]  The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

FOR DEFENDANT-APPELLANT: CARMEN D. HERNANDEZ, Law Office of
Carmen Hernandez, Washington, DC.

FOR APPELLEE: JOCELYN E. STRAUBER (Justin S. Weddle, *on
the brief*), *for* Preet Bharara, United States
Attorney, United States Attorney's Office for
the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 3, 2010 judgment of conviction is **AFFIRMED**.

Defendant-appellant Jorge Mario Paredes-Cordova appeals from a May 3, 2010 judgment of the District Court convicting him on two counts: (1) participating in a dual-object cocaine importation conspiracy, in violation of 21 U.S.C. § 963, with the objects of importing five kilograms and more of cocaine and distributing five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B), and 21 U.S.C. §§ 959(a), 960(b)(1)(B), respectively; and (2) participating in a conspiracy to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). We assume the parties' familiarity with the underlying facts, and the procedural history of this case.

DISCUSSION

On appeal, Paredes-Cordova makes four arguments as to why we should reverse the District Court and remand for a new trial. First, he argues that the District Court's jury instructions were erroneous because they did not include a multiple conspiracy, voice identification, or alibi instruction, and because the "reasonable doubt" jury instruction was deficient. Second, he contends that certain belated disclosures by the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and denied him a fair trial. Third, he asserts that the District Court erred in denying his motion to suppress his post-arrest statements. Finally, Paredes-Cordova argues that a new trial is warranted because the indictment was duplicitous. We address each argument and conclude that each is without merit.

A. The Jury Instructions Were Proper

We generally review challenges to jury instructions *de novo*. *See United States v. Ford*, 435 F.3d 204, 209-10 (2d Cir. 2006). On appeal, a defendant must establish that the requested charge below "accurately represented the law in every respect" and that the charge delivered was erroneous and caused prejudice. *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (quotation marks

omitted). However, when a defendant fails to contemporaneously object, jury instructions are reviewed only for plain error. *See United States v. Schultz*, 333 F.3d 393, 413 (2d Cir. 2003).

### i. A Multiple Conspiracy Instruction Was Not Required

As an initial matter, the multiple conspiracy instruction requested by Paredes-Cordova was erroneous in that it stated that "[i]f you find that there were two or more conspiracies then you must acquit the defendant on the conspiracy charge." We have held that "[a]cquittal is not automatically required if the jury finds multiple conspiracies because the jury can plausibly decide that one of those conspiracies is the single conspiracy charged in the indictment . . . ." *United States v. Berger*, 224 F.3d 107, 114 (2d Cir. 2000) (citation omitted).

Moreover, the District Court's decision not to give a multiple conspiracy instruction was supported by the facts of this case. Even though the criminal organization went through changes in membership and spheres of operation, the record evidence suggests that it had the singular and common goal of obtaining cocaine in Colombia and transporting it into the United States to distribute. *See, e.g.*, *United States v. Williams*, 205 F.3d 23, 33 (2d Cir. 2000) ("'[A] single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations.'" (quoting *United States v. Cambindo Valencia*, 609 F.2d 603, 625 (2d Cir. 1979))). Thus, as the government charged a single conspiracy, no multiple conspiracy instruction was required.

But even assuming a multiple conspiracy instruction was warranted, Paredes-Cordova suffered no prejudice because "there was ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment." *United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997). The District Court properly concluded that because Paredes-Cordova stood trial alone, "the risk of confusion over multiple conspiracies and attendant prejudicial 'spillover' is not relevant." Special App'x 67 (quoting *United States v. Corey*, 566 F.2d 429, 431 n.3 (2d Cir. 1977)). Thus, a multiple conspiracy instruction was not required.

### ii. A Voice Identification Instruction Was Not Required

At trial, Paredes-Cordova argued that the voice on the recorded phone calls admitted into evidence was not his. In such circumstances, we have held that "it [i]s within the district court's discretion to regard [a voice identification instruction] as superfluous." *United States v. Ulerio*, 859 F.2d 1144, 1146 (2d Cir. 1988); *see United States v. Sliker*, 751 F.2d 477, 500 (2d Cir. 1985); *see also e.g.*, *United States v. Moyhernandez*, 17 F. App'x 62, 70 (2d Cir. 2001) (non-precedential order). Accordingly, we find no error in the District Court's refusal to give the proposed voice identification instruction.

3

### iii. An Alibi Instruction Was Not Required

Paredes-Cordova argues that an alibi instruction was warranted because "he was elsewhere on certain dates when he was alleged to have been speaking on the phone with a cooperating witness." We have repeatedly held, however, that an alibi instruction is inappropriate in the context of a charged conspiracy that encompasses a significant time period and numerous predicate acts. *See United States v. Bryser*, 954 F.2d 79, 87-88 (2d Cir. 1992); *United States v. Guillette*, 547 F.2d 743, 751 (2d Cir. 1976). In sum, no alibi instruction was required.

### iv. The "Reasonable Doubt" Instruction Was Not Erroneous, Much Less "Plainly Erroneous"

On appeal, Paredes-Cordova also takes issue with the District Court's "reasonable doubt" instruction. Because Paredes-Cordova raises this objection for this first time on appeal, we review the district court's instruction for "plain error." *See* FED. R. CRIM. P. 52(b). The instruction stated, *inter alia*, that:

> If, after fair and impartial consideration of all of the evidence on the count you are considering, you have a reasonable doubt about the guilt of the defendant on that count, *it is your duty to acquit* the defendant on that count. On the other hand, if . . . you are convinced of the defendant's guilt beyond a reasonable doubt, *you must convict* the defendant on that count.

App'x 268 (emphasis supplied). Later in the charge, the District Court, in describing the elements in Count One, stated that "[i]f the government fails to prove that either of the charged objects of the conspiracy in Count One was an object of the conspiracy in which the defendant participated, then you *must* find the defendant not guilty on Count One." *Id.* at 276 (emphasis supplied).

After reviewing the jury instructions "as a whole," *see Victor v. Nebraska*, 511 U.S. 1, 5 (1994), we are convinced that the District Court "'instruct[ed] the jury on the *necessity* that the defendant's guilt be proven beyond a reasonable doubt,'" *United States v. Birbal*, 62 F.3d 456, 462 (2d Cir. 1995) (quoting *Victor*, 511 U.S. at 5). While we have not specifically held that the phrase "it is your duty" is sufficiently mandatory, this Circuit and others have approved the use of that phrase in "reasonable doubt" jury instructions. *See United States v. Carr*, 424 F.3d 213, 219-21 (2d Cir. 2005) (upholding "reasonable doubt" instruction that used the phrase "it is your duty"); *see also United States v. Pierre*, 974 F.2d 1355, 1356-57 (D.C. Cir. 1992), *cert. denied*, 507 U.S. 1012 (1993). In any event, the District Court's "reasonable doubt" instruction was not erroneous, much less "plainly erroneous."

**B. The *Brady* Disclosures During Trial Do Not Warrant a New Trial**

Paredes-Cordova argues that two mid-trial disclosures—(1) the October 18, 2009 disclosure of a confidential source's statements in an April 9, 2003 DEA report, and (2) the October 27, 2009 disclosure about statements made by two cooperating witnesses, Rodrigo Mora-Mondragon and Gerardo Cardenas-Procopio—warrant a new trial.[2] We disagree.

To violate *Brady*, the undisclosed material evidence "must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed . . . either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Evidence is "material" for the purposes of *Brady* if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005) (quotation marks omitted).

The October 18, 2009 disclosure about the confidential source's statements was favorable to Paredes-Cordova because it indicated that someone other than the defendant owned the 265-kilogram cocaine shipment that was seized by law enforcement officials in January 2003; the confidential source's statements also were inconsistent with the testimony of two government witnesses. Nevertheless, even though this disclosure was belated, it was not "suppressed" by the government within the meaning of *Brady* because the government's disclosure during trial was a "sufficient disclosure in sufficient time to afford the defense an opportunity to use." *Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001).

Not only did the government make a full disclosure of the statements, the accompanying DEA Report, and other information obtained in follow-up interviews, but the District Court also granted an adjournment so that defense counsel could explore this evidence, restructure its cross-examination of another government witness, recall two government cooperating witnesses, and interview other potential witnesses. After defense counsel was given this additional time, it assured the District Court that it was prepared to proceed.

Under these circumstances, the government's belated disclosure on October 18, 2009 did not violate *Brady*.

Similarly, Paredes-Cordova was not prejudiced by the October 27, 2009 disclosure regarding certain statements Cardenas made about who was involved with cocaine that was seized in Panama on July 21, 2005. Indeed, after it made this disclosure, the government transported Cardenas to New York and took steps to ensure that he could be called as a defense witness at trial. Cardenas

---

[2] While the government disclosed certain statements made by Rodrigo Mora-Mondragon and Gerardo Cardenas-Procopio, Paredes-Cordova's argument focuses solely on the evidence relating to Cardenas's testimony.

was called by the defense at trial and testified. Thus, despite its belated disclosure, we find no *Brady* violation with regard to Cardenas's statements.[3]

### C. Paredes-Cordova's Post-Arrest Statements Were Properly Admitted

Paredes-Cordova next argues that the District Court erred by admitting post-arrest statements he made. In particular, he argues that: (1) he did not knowingly and voluntarily waive his *Miranda* rights because Agent Weil (the DEA agent who gave the *Miranda* warning to Paredes-Cordova) was not "conversant" in Spanish, and (2) his Sixth Amendment rights were violated because Agent Weil continued to question him after he was appointed counsel. These arguments are without merit for at least two reasons.

First, Paredes-Cordova waived both arguments by not raising them in his pre-trial motion to suppress. *See* FED. R. CRIM. P. 12(b)(3), 12(e); *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003). His pre-trial suppression motion never mentioned that Agent Weil was unable to communicate the *Miranda* waiver effectively. Furthermore, his pre-trial suppression motion did not discuss any Sixth Amendment violation.

In any event, a review of the record reveals that Paredes-Cordova knowingly and voluntarily waived his *Miranda* rights, both before and after he was afforded the services of appointed counsel. App'x 60-63, 168-70, 191-92. Accordingly, his Fifth and Sixth Amendment rights were not violated. *See Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) ("The defendant may waive the [*Miranda*] right whether or not he is already represented by counsel; the decision to waive need not itself be counseled.").

### D. The Indictment Was Not "Duplicitous"

Finally, Paredes-Cordova argues that the operative indictment was "duplicitous" within the meaning of Federal Rule of Criminal Procedure 8(a) because it charged a single cocaine importation and distribution conspiracy instead of several different conspiracies.

We have held that the application of the so-called duplicity doctrine poses "unique issues" in the context of conspiracy charges because "a single agreement may encompass multiple illegal objects." *United Sates v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980); *see also United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (holding that a narcotics conspiracy count was not duplicitous even though it aggregated multiple narcotics transactions). And it is well established that "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is

---

[3] Because we conclude that Paredes-Cordova was not prejudiced by the October 29, 2009 disclosure, we need not consider whether the information was exculpatory.

the crime, and that is one, however diverse its objects.'" *Braverman v. United States*, 317 U.S. 49, 54 (1942) (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)).

As noted above in the discussion of the multiple conspiracy charge, the evidence supports the existence of a single conspiracy to import cocaine from Colombia into the United States and to distribute cocaine within the United States. Even though the narcotics scheme spanned six years and involved multiple methods, locations, and participants, the conspiracy maintained this single, overarching purpose. *See Williams*, 205 F.3d at 33. On this record, Paredes-Cordova's argument regarding duplicity does not warrant a new trial.

## CONCLUSION

We have considered all of Paredes-Cordova's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 3, 2010 judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7