# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10460

United States Court of Appeals
Fif h Circuit

**FILED**

April 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRIUS KING,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-89-2

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Darrius King appeals his convictions for conspiracy to manufacture, distribute, and possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). King's convictions arise out of a "marijuana grow operation," whereby King conspired with codefendants, Zayid Waters and Kiffer Hudson, to grow marijuana plants in Waters's house and eventually sell marijuana for profit. He contends that (i) the evidence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to support his convictions; (ii) the district court erred in its instructions to the jury; and (iii) the district court erred in admitting evidence of a prior act and the Government improperly elicited testimony concerning the prior act and also improperly referenced the prior act in its closing argument.

## I.    King's Sufficiency of the Evidence Claims

King moved for a directed verdict after the Government rested, which the district court denied.  However, he failed to renew his motion at the close of the evidence or after the jury returned its guilty verdict.  As a result, he waived any objection to the denial of his motion, *see United States v. Robles-Pantoja*, 887 F.2d 1250, 1254 (5th Cir. 1989), and our review of his insufficient evidence claims is for plain error only, *see United States v. Delgado*, 672 F.3d 320, 330-31 (5th Cir. 2012) (en banc).  Under that standard, an insufficiency of evidence claim "will be rejected unless the record is *devoid of evidence* pointing to guilt" or contains evidence on a key element of the offense that "is so tenuous that a conviction [would be] shocking."  *Id.* (citation omitted).

*King's Conspiracy Conviction*

In order to prove that a defendant is guilty of conspiracy to distribute drugs under § 846, the Government "must prove beyond a reasonable doubt": (i) "the existence of an agreement between two or more persons to violate narcotics laws"; (ii) "knowledge of the conspiracy and intent to join it"; and (iii) "voluntary participation in the conspiracy."  *United States v. Peters*, 283 F.3d 300, 307 (5th Cir. 2002).  "The jury may infer any element of this offense from circumstantial evidence."  *United States v. Lechuga*, 888 F.2d 1472, 1476 (5th Cir. 1989).  The record in this case was not devoid of evidence establishing that King was guilty of conspiracy.  Through the testimony of King's coconspirator, Waters, the Government presented evidence that King and Waters agreed to

form a 50/50 partnership to grow and sell marijuana, with King tasked with the growing of the plants and Waters tasked with the distribution and sales of the marijuana.  Although King generally denied the existence of a conspiracy, the jury was free to reject King's version of the events and adopt the version established by the Government's witnesses.  *See United States v. Al-Kurna*, 808 F.2d 1072, 1075 (5th Cir. 1987).  Accordingly, we affirm King's conviction on this ground.

*King's Firearm Possession Conviction*

Section 924(c) provides for an enhanced sentence for any person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." § 924(c)(1)(A).  Possession of a firearm can be established by, among other things, "joint occupancy of a place where a firearm is found, combined with some evidence of the defendant's access to and knowledge of the firearm." *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009).  Further, the Government must establish that such possession "actually furthered the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000).

The record is not devoid of evidence that King had constructive possession of the firearms.  The Government presented evidence that King jointly occupied the grow house and that King had knowledge of and access to the firearms.  The record is also not devoid of evidence that King's possession furthered a drug trafficking offense.  The Government presented evidence that the purpose of the firearms was primarily to protect the grow house and the marijuana plants.  Although King generally denied living at the grow house and having knowledge of the firearms, the jury was free to reject King's version of the events and adopt the version established by the Government's witnesses.

*See Al-Kurna*, 808 F.2d at 1075.  Accordingly, we affirm King's conviction on this ground.

## II.     *Improper Jury Instruction Claim*

A properly preserved challenge to a jury instruction is reviewed for abuse of discretion and we consider "whether the instruction, taken as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them." *United States v. Aldawsari*, 740 F.3d 1015, 1019 (5th Cir. 2014) (internal quotation marks and citation omitted).  Even if jury instructions are erroneous, we will not reverse if, "in light of the entire record, the challenged instruction could not have affected the outcome of the case." *United States v. Demmitt*, 706 F.3d 665, 675 (5th Cir. 2013) (internal quotation marks and citation omitted).

In its initial jury instruction on the § 924(c) count, the district court explained that the jury "*may* find [King] guilty of" this count "even though [he] may not have participated in any of the acts which constitute the offense" if (1) it found King guilty on the drug conspiracy charge and (2) a co-conspirator committed the § 924(c) offense "in furtherance of or as a foreseeable consequence of that conspiracy."  During deliberations, the jury sent the district court a question on this instruction: "Does the word 'may' mean this is at the jury's discretion to decide? OR Are we requested to find the defendant guilty?"  The district court responded in writing, explaining that there were two ways the jury could find King guilty of the § 924(c) charge.  First, the jury could find beyond a reasonable doubt that King "knowingly possessed a firearm in furtherance of the conspiracy."  Second, the jury could find beyond a reasonable doubt that another individual "knowingly possessed a firearm in furtherance of, or as a reasonable consequence, of the [drug] conspiracy."  If it so found, it was "*required* to find [King] guilty on [the § 924(c) charge]."

Likewise, if it found King not guilty of the drug conspiracy or had a reasonable doubt that another individual possessed the firearm in furtherance of, as a foreseeable consequence of the drug conspiracy, it was "required to find [King] not guilty on [the § 924(c) charge]." King contends that the district court's use of the word "required" in its written response "improperly directed a verdict of guilty."

Under the Supreme Court's holding in *Pinkerton v. United States*, 328 U.S. 640 (1946), a defendant who is a party to a conspiracy may be convicted of the substantive offense committed by another member of the conspiracy, so long as such substantive offense was committed in furtherance of the conspiracy and while the defendant was a member of the conspiracy. *Id.* at 647. In considering *Pinkerton* liability, this court has held that "[o]nce the conspiracy and a particular defendant's knowing participation in it has been established beyond a reasonable doubt, *the defendant is deemed guilty* of substantive acts committed in furtherance of the conspiracy by any of his criminal partners." *United States v. Basey*, 816 F.2d 980, 997 (5th Cir. 1987) (emphasis added) (quoting *United States v. Michel*, 588 F.2d 986, 999 (5th Cir. 1979)); *see also United States v. Johnson*, 575 F.2d 1347, 1366-67 (5th Cir. 1978). In *Basey*, this court cited with approval language instructing a jury that if "'they were satisfied beyond a reasonable doubt that a conspiracy existed and that a defendant was one of the members of it, then that defendant assumed the responsibility for the acts and statements of all other members made in furtherance of the conspiracy.'" 816 F.2d at 998 (quoting *United States v. Michel*, 588 F.2d at 999 n.13).

In this case, the district court's instruction that the jury was "required" to find King guilty of Waters's substantive offense of possessing a firearm if the *Pinkerton* conspiracy prerequisites were met was not meaningfully

different from our prior holdings that—if the *Pinkerton* prerequisites were met—a defendant is "deemed guilty" of or has "assumed the responsibility for" the substantive offense. *See Basey*, 816 F.2d at 997-98 (quoting *Michel*, 588 F.2d at 999 n.13). The crux of both is that, if the jury makes the requisite predicate findings on the elements of *Pinkerton* liability, it has a duty to find the defendant guilty of the offense. Further, the district court also explicitly provided the jury the conditions under which it was "required" to find King not guilty on the § 924(c) count, thereby eliminating any possible interpretation that its instruction was mandating a finding of guilt on this count. The D.C. Circuit relied in part on the explicit recognition of what was required for a finding of not guilty in holding that a similar jury instruction was proper. *United States v. Pierre*, 974 F.2d 1355, 1357—58 (D.C. Cir. 1992) (per curiam). Similarly here, by including both the conditions of guilt and innocence, "[t]he instruction neither directed a guilty verdict nor placed inhibitions on the jury's right to acquit [the defendant]." *Id.* at 1357. Rather, the district court's written response simply instructed the jury that it had a duty to find King guilty if the government proved beyond a reasonable doubt every element of the § 924(c) count. Thus, the district court's instruction to the jury was a correct statement of the law and instructed the jury as to the principles of law applicable to the relevant facts. *See Aldawsari*, 740 F.3d at 1019. Accordingly, the district court's instruction did not constitute an abuse of discretion. *See Basey*, 816 F.2d at 999 (holding that there was no abuse of discretion because the *Pinkerton* instruction "expressed the *Pinkerton* principle at least as clearly" as prior decisions).

III.    *Improper Admission of Evidence Claim*

On direct examination, the Government asked Waters to explain how he knew that King was knowledgeable about growing marijuana. Waters

responded by testifying, among other things, that King "had an operation in Houston and growing, and then he came from there to help grow here."  On appeal, King argues that evidence of King's involvement in a prior grow operation constituted evidence of a prior act and was inadmissible under Federal Rule of Evidence 404(b).  He also argues that the Government improperly elicited the testimony concerning the prior grow operation and improperly used the evidence at trial.

In a conspiracy case, evidence is considered intrinsic if it is "relevant to establish how the conspiracy came about, how it was structured, and how each [participant] became a member."  *United States v. Lokey*, 945 F.2d 825, 834 (5th Cir. 1991) (citing *United States v. Nichols*, 750 F.2d 1260, 1264-65 (5th Cir. 1985)).  Because King did not object to the admission of the subject evidence or the Government's subsequent use of the evidence, our review of the admission of the evidence is for plain error.  *See United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997); *United States v. Webb*, 463 F.2d 1324, 1328 (5th Cir. 1972).  To show plain error, King must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

King has not established that the district court committed plain error in admitting the evidence concerning his prior involvement in a grow operation in Houston.  The evidence in question was intrinsic to the conspiracy offense and not subject to the requirements of Rule 404(b), because it provided background information necessary for a jury to understand the structure of the conspiracy, the nature of the conspiratorial relationship between Waters and King, and how the conspiracy came about.  *See United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010); *United States v. Miranda,* 248 F.3d 434, 440-41 (5th Cir. 2001); *United States v. Royal,* 972 F.2d 643, 647 (5th Cir. 1992).  In any

event, the district court's admission of the subject evidence was harmless in light of the other evidence presented at trial.  *See Rice*, 607 F.3d at 140-41.

King has also not established that the Government committed plain error by impermissibly eliciting Waters's testimony concerning the Houston grow operation or using the evidence at trial.  Waters's testimony concerning the grow operation was in response to a generic question from the Government asking why Waters believed that King was knowledgeable about growing marijuana.  Waters volunteered the response about King's involvement in the prior operation.  Once Waters testified about his understanding of King's involvement in the prior grow operation, there was sufficient evidence in the record to provide a good faith basis for the Government to question subsequent witnesses whether they knew anything about King's involvement in a prior grow operation.  *See United States v. Davis*, 609 F.3d 663, 681 (5th Cir. 2010).  Likewise, Waters's testimony provided a proper foundation for the Government to reference King's involvement in a prior grow operation in its closing argument.  *See United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008).

AFFIRMED