In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1385

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NING WEN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04-CR-241—**William C. Griesbach**, *Judge.*

ARGUED OCTOBER 20, 2006—DECIDED DECEMBER 14, 2006

Before EASTERBROOK, *Chief Judge*, and BAUER and EVANS, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* A jury found Ning Wen guilty of violating the export-control laws by providing militarily useful technology to the People's Republic of China without the required license. See 50 U.S.C. §1705(b). He has been sentenced to 60 months' imprisonment. His only argument on appeal is that the district court should have suppressed evidence derived from a wiretap approved under the Foreign Intelligence Surveillance Act. After reviewing the materials *in camera*, the judge concluded that the intercept order was amply justified and denied this motion.

As enacted in 1978, FISA applied to interceptions the "primary purpose" of which was foreign intelligence; as amended in 2001 by the USA PATRIOT Act, the statute applies to interceptions that have international intelligence as a "significant purpose". 50 U.S.C. §1804(a)(7)(B). The Foreign Intelligence Surveillance Court of Review has concluded that the amended statute allows domestic use of intercepted evidence as long as a "significant" international objective is in view at the intercept's inception. *Sealed Case*, 310 F.3d 717 (F.I.S. Ct. Rev. 2002). Wen asks us to disagree with that decision and hold that evidence gathered under FISA cannot be used in domestic criminal investigations or prosecutions, even when the "domestic" crime is linked to international espionage, once that international investigation has "fizzled out" (Wen's phrase).

The principal problem with Wen's argument is that the exclusionary rule is used to enforce the Constitution, not statutes or regulations. See *United States v. Caceres*, 440 U.S. 741 (1979). So even if Wen is right about the meaning of FISA, there is no basis for a district court to reject evidence that was properly gathered. (Like the district court, we have reviewed the affidavits *in camera* and conclude that the statutory standards for an intercept order are satisfied.) Legislation may provide for enforcement via exclusion; Title III of the Omnibus Crime Control and Safe Streets Act of 1968, the principal statute regulating domestic wiretaps, does just that. See 18 U.S.C. §2518(10)(a); *United States v. Donovan*, 429 U.S. 413 (1977). FISA lacks any comparable provision. So unless there is a constitutional problem in domestic use of evidence seized as part of an international investigation, there is no basis for suppression.

As it happens, moreover, there is scant support for suppression even when a particular intercept is unreasonable under the fourth amendment. For each intercept

must be authorized by a warrant from a federal district judge. See 50 U.S.C. §1803(a). This brings into play the rule of *United States v. Leon*, 468 U.S. 897 (1984), that the exclusionary rule must not be applied to evidence seized on the authority of a warrant, even if the warrant turns out to be defective (say, because not supported by probable cause), unless the affidavit supporting the warrant was false or misleading, or probable cause was so transparently missing that "no reasonably well trained officer [would] rely on the warrant.*" Id.* at 923.

At one time it was seriously questioned whether an intercept order is a "warrant" for constitutional purposes, see Telford Taylor, *Two Studies in Constitutional Interpretation* 79-88 (1969), but characterization was settled in favor of "warrant" status by *Dalia v. United States*, 441 U.S. 238, 256 n.18 (1979). And our *in camera* review reveals that well-trained officers were entitled to rely on this warrant. The Executive Branch did the right thing in asking for a warrant. Suppose that FISA was the wrong source of authority and the judge had turned the request down because the investigation's domestic component overshadowed its international aspect. Then the Executive Branch could have obtained a domestic intercept order under Title III. The evidence narrated in the affidavit establishes probable cause to believe that phone lines were being used to discuss or plan violations of 50 U.S.C. §1705(b). A statutory error about *which* court should have issued a warrant, and under which statute, does not support exclusion.

The only plausible constitutional objection to the warrant actually issued is that FISA uses a definition of "probable cause" that does not depend on whether a domestic crime has been committed. Under 50 U.S.C. §1805(a)(3), an order may be based on probable cause to believe that the target is an agent of a foreign power and that the conversations to be intercepted concern the

agent's dealings with that foreign power; the judge need not find probable cause to believe that the foreign agent probably is violating the law of this nation (although this may be implied by the findings that FISA does require).

Yet we know from the administrative-search cases that the "probable cause" of which the fourth amendment speaks is not necessarily probable cause to believe that any law is being violated. The Court held in *Camara v. Municipal Court*, 387 U.S. 523 (1967), and *See v. Seattle*, 387 U.S. 541 (1967), that municipal officials may not barge into homes or businesses to look for violations of the housing code; they must have warrants, which may issue on probable cause to believe that the city has adopted a reasonable system of inspections and is not targeting citizens for irregular or malicious reasons. Similarly, *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978), holds that, although federal inspectors need warrants to inspect business premises for violations of the Occupational Safety and Health Act, these warrants may issue on probable cause to believe that the agency is implementing a reasonable system of inspections that includes the business in question. Inspectors lawfully on the premises under such warrants may report any violations of law that they find; evidence in plain view need not be overlooked, even if that evidence concerns a different statute.

These principles carry over to FISA. Probable cause to believe that a foreign agent is communicating with his controllers outside our borders makes an interception reasonable. If, while conducting this surveillance, agents discover evidence of a domestic crime, they may use it to prosecute for that offense. That the agents may have known that they were likely to hear evidence of domestic crime does not make the interception less reasonable than if they were ignorant of this possibility. Justice Stewart's position that the plain-view doctrine is limited to "inadvertent" discoveries, see *Coolidge v. New Hampshire*, 403 U.S.

443, 469-71 (1971), has not carried the day. In *Horton v. California*, 496 U.S. 128 (1990), the Court held that evidence in plain view may be seized without a warrant even though the police expected to find it. Likewise evidence of a domestic crime, acquired during an intercept that is reasonable because it concerns traffic between a foreign state and one of its agents in the United States, may be used in a domestic prosecution whether or not the agents expected to learn about the domestic offense. It is enough that the intercept be adequately justified without regard to the possibility that evidence of domestic offenses will turn up. Interception of Wen's conversations was adequately justified under FISA's terms, so there is no constitutional obstacle to using evidence of any domestic crimes he committed.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*