# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 12-11166

———————

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

KHALID ALI-M. ALDAWSARI

Defendant–Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2014

Lyle W. Cayce
Clerk

———————

Appeal from the United States District Court
for the Northern District of Texas

———————

Before REAVLEY, DAVIS, and HIGGINSON, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In this case, Appellant challenges the validity of his criminal conviction and sentence of life imprisonment. In particular, Appellant argues that the district court improperly denied his motion to suppress evidence, delivered an invalid instruction to the jury, and erred when calculating Appellant's sentence. As set forth below, we disagree with each of these arguments and therefore affirm Appellant's conviction and sentence.

I.

Appellant is a national of Saudi Arabia who initially came to the United States to study chemical engineering. According to the evidence presented during Appellant's trial, Appellant spent several months during late 2010 and early 2011 acquiring nearly all of the chemicals necessary to manufacture a powerful explosive known as picric acid. The evidence also indicated that

No. 12-11166

Appellant had become committed to "jihadist operations" and compiled a list of targets for bombing attacks. These targets included the Dallas residence of former President George Bush, the Cotton Bowl, and various Dallas festivals.

In 2011, the FBI conducted searches of Appellant's apartment and computer pursuant to the Foreign Intelligence Surveillance Act ("FISA"). These searches were authorized by the Foreign Intelligence Surveillance Court ("FISC") under 50 U.S.C. § 1805(a) and § 1824(a) based on an *ex parte* showing of probable cause to believe that Appellant was "an agent of a foreign power" under 50 U.S.C. § 1801. Appellant was arrested on February 23, 2011.

On March 9, 2011, Appellant was indicted with one charge of attempted use of a weapon of mass destruction under 18 U.S.C. § 2332a(a)(2). Prior to trial, Appellant filed a motion to suppress all items of evidence that had been collected during the FISA searches. The district court denied this motion, however, and the government relied extensively on this evidence during Appellant's trial.

Appellant was found guilty on June 27, 2012. The district court then imposed a sentence of life imprisonment, which was the maximum sentence permissible under the sentencing guideline range as calculated by the district court. Appellant now challenges his conviction and sentence on the grounds discussed below.

II.

Appellant argues first that his motion to suppress evidence gathered pursuant to FISA was improperly denied. As explained in *United States v. El-Mezain*, 664 F.3d 467, 568-70 (5th Cir. 2011), this court makes a *de novo* decision as to the merits of Appellant's motion to suppress such evidence. To do so, we must conduct our own *in camera* and *ex parte* review of the classified materials that were submitted to the FISC in support of the FISA application and subsequently reviewed by the district court.

2

No. 12-11166

According to the Foreign Intelligence Surveillance Court of Review ("FISCR"), searches conducted pursuant to FISA do not violate the Fourth Amendment so long as they are not performed with the "sole objective of criminal prosecution."[1]  Rather, such searches must be at least partially motivated by a purpose "to protect the nation against terrorists and espionage threats directed by foreign powers."[2]  So long as this requirement is satisfied, according to a number of circuit courts, there is no constitutional bar to the admission of evidence collected pursuant to FISA in criminal prosecutions.[3] Although this court did not explicitly address the constitutional question in *El-Mezain*, we did hold as a statutory matter that evidence can be collected during a FISA search where protection against terrorist threats is at least a "significant purpose" of the FISA search, and that such evidence may then be introduced in a criminal prosecution.[4]

As indicated in Appellant's briefs and clarified during oral argument, Appellant does not challenge this framework on constitutional or statutory grounds.  He does urge this court, however, to fulfill its responsibility to conduct its own review of the classified materials submitted during Appellant's case to the FISC and the district court.  Even though Appellant has never been granted access to these classified materials, Appellant considers it probable that the FISA searches were not validly authorized under 50 U.S.C. § 1805 and § 1824.  As these sections of FISA provide, the FISC may authorize searches only upon a showing of probable cause to believe that the searches' target is "an agent of a foreign power" as defined under 50 U.S.C. § 1801.  But as

---

[1] *In re Sealed Case*, 310 F.3d 717, 735, 742-46 (Foreign Int. Surv. Ct. Rev. 2002).

[2] *Id.* at 746.

[3] *See United States v. Duka*, 671 F.3d 329, 338-46 (3d Cir. 2011); *United States v. Abu-Jihaad*, 630 F.3d 102, 127-29 (2d Cir. 2010); *United States v. Ning Wen*, 477 F.3d 896, 898-99 (7th Cir. 2007); *United States v. Damrah*, 412 F.3d 618, 625 (6th Cir. 2005).

[4] *See El-Mezain*, 664 F.3d at 568-70.

3

No. 12-11166

Appellant correctly observes, no evidence of any foreign power's involvement in Appellant's essentially "domestic" crime was presented at trial. From this silence in the trial record, Appellant speculates that the government likely never made the requisite showing in the *ex parte* proceedings before the FISC.

Based on our own thorough review of the classified materials *in camera*, however, we find that Appellant's inference is incorrect. As we did in *El-Mezain*, we conclude in this case that the FISA searches were properly authorized and that the evidence collected during the FISA searches was properly admitted.[5] The FISC's authorization of these searches was indeed justified by a showing of probable cause to believe that Appellant satisfied one of the definitions of "an agent of a foreign power" under 50 U.S.C. § 1801. The objective of the searches, moreover, was not solely the criminal prosecution of the Appellant, but also the protection of the nation against terrorist threats. As Appellant concedes, that is the end of the inquiry.[6] Although the facts supporting this component of the FISA authorizations were not elements of Appellant's crime and were never shared with the jury during Appellant's trial, this does not affect the merits of Appellant's motion to suppress. We therefore affirm the district court's denial of that motion.[7]

---

[5] *See id.*

[6] *See Sealed Case*, 310 F.3d at 735, 742-46; *Duka*, 671 F.3d at 338-46; *Abu-Jihaad*, 630 F.3d at 127-29; *Ning Wen*, 477 F.3d at 898-99; *Damrah*, 412 F.3d at 625.

[7] During this appeal, Appellant has not challenged the district court's denial of his motion for disclosure of the classified materials under 50 U.S.C. § 1806. This section of FISA authorizes courts to disclose such materials to "an aggrieved person" on various grounds. This section of FISA also contains mandatory language under 50 U.S.C. § 1806(g), which provides that "[i]f the court determines that the surveillance was lawfully authorized and conducted, it shall deny the motion of the aggrieved person except to the extent that due process requires discovery or disclosure." We note the government's agreement during oral argument that, for example, FISA-related materials containing exculpatory evidence or evidence tending to impeach a government witness would need to be disclosed under this provision and under the Constitution. *See Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). We also note that we discovered no *Giglio* or *Brady* evidence

No. 12-11166

III.

The second challenge raised by Appellant addresses the validity of the jury instruction regarding the crime of attempt. A district court's jury instructions are reviewed for abuse of discretion, considering "whether the instruction, taken as a whole, 'is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them.'"[8] Any error is subject to harmless error review.[9]

Appellant's argument focuses on a single sentence in the jury instruction, which stated that "some preparations, when taken together with intent, may amount to an attempt." According to Appellant, this jury instruction allowed Appellant to be convicted even though he had only performed "mere preparations," and had never completed a substantial step toward committing the offense of using a weapon of mass destruction under 18 U.S.C. § 2332a(a)(2).

When "taken as a whole,"[10] however, the district court's jury instruction correctly described the "preparation-attempt continuum" that we have recognized in previous cases.[11] The district court's instruction properly emphasized that a conviction for attempt requires proof beyond a reasonable doubt that "the Defendant both intended to commit the act and did an act constituting a substantial step towards the commission of that crime which strongly corroborates the Defendant's criminal intent and amounts to more

---

during our *in camera* review of the classified material in this case, nor any other evidence that would bear on Appellant's right to due process.

[8] *United States v. Richardson*, 676 F.3d 491, 506 (5th Cir. 2012) (quoting *United States v. Freeman*, 434 F.3d 369, 377 (5th Cir. 2005)).

[9] *United States v. Demmitt*, 706 F.3d 665, 674-75 (5th Cir. 2013).

[10] *See Richardson*, 676 F.3d at 506.

[11] *See United States v. Ellis*, 564 F.3d 370, 374-75 (5th Cir. 2009); *see also United States v. Mandujano*, 499 F.2d 370, 375 (5th Cir. 1974) ("[S]ome preparations may amount to an attempt. It is a question of degree.") (internal quotation marks and citations omitted).

No. 12-11166

than mere preparation."[12]    When read in context, the district court's instruction adequately distinguished between "mere preparation," which "is not an attempt," and "some preparations," which "may amount to an attempt" so long as such "acts . . . clearly indicate a willful intent to commit a crime."[13] In particular, this instruction was faithful to our analysis in *United States v. Mandujano*, 499 F.2d 370 (5th Cir. 1974), where we concluded that "some preparations may amount to an attempt" so long as this conduct is "more than remote preparation" and is "strongly corroborative of the firmness of the defendant's criminal intent."[14]

Accordingly, although the single sentence on which Appellant has focused might seem misleading when considered by itself and stripped of context, the jury instruction as a whole constituted a correct statement of the law.  Under an abuse-of-discretion standard, therefore, the district court's jury instruction provides no basis for reversal of Appellant's conviction.

IV.

Finally, Appellant argues that the district court erred procedurally and substantively in imposing a sentence of life imprisonment.  In reviewing the reasonableness of a defendant's sentence, this court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."[15]  The district

---

[12] *See* Tr. of Reading of Jury Charge, Rec. Doc. 206-1, at 61; *see also United States v. Hernandez-Galvan*, 632 F.3d 192, 198 (5th Cir. 2011).

[13] Tr. of Reading of Jury Charge, Rec. Doc. 206-1, at 61.

[14] *See Mandujano*, 499 F.2d at 375-77 (internal quotation marks and citations omitted); *see also United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012) (holding that a substantial step must "both (1) be an act strongly corroborative of the actor's criminal intent and (2) amount to more than mere preparation"); *United States v. Oviedo*, 525 F.2d 881, 885 (5th Cir. 1976) (concluding that "the objective acts performed" must "mark the defendant's conduct as criminal in nature").

[15] *Hernandez-Galvan*, 632 F.3d at 196 (quoting *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)).

court's "interpretation or application of the Sentencing Guidelines" is reviewed *de novo,* while its factual findings are reviewed for clear error.[16]  Where the district court's sentencing decision is procedurally sound, the appellate court should then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[17]  Where a sentence falls "within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."[18]

Initially, Appellant argues that the district court erred as a procedural matter when it applied the Section 2K1.4 cross-reference to the guideline for "attempted murder" because it is unclear whether Appellant ever identified a final bombing target.  The Section 2K1.4(c)(1) cross-reference applies only if "the offense was intended to cause death or serious bodily injury."  Appellant argues that this cross-reference "clearly envisions a targeted victim, location, or some other facility—an element that is missing from this case."  But Appellant identifies no authority for this proposition.  Indeed, we rejected a similar argument in *United States v. Polk*, 118 F.3d 286, 297-98 (5th Cir. 1997). Moreover, even if targets were necessary under the Section 2K1.4 cross-reference, the statements found in Appellant's journals and e-mails during the FISA searches revealed that Appellant had considered many targets, which defense counsel conceded before the jury during Appellant's trial.[19]  The district court therefore did not make a clear error in its factual finding that Appellant's attempted bombing "was intended to cause death or serious bodily injury."[20]

---

[16] *Id.*

[17] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[18] *Id.*; *United States v. Kippers*, 685 F.3d 491, 500 (5th Cir. 2012).

[19] Trial Tr., Volume 2, Rec. Doc. 245, at 24 ("It was George W. Bush, it was the Saudi king, it was the people of New York, it was the Hoover Dam.").

[20] *See Hernandez-Galvan*, 632 F.3d at 196.

No. 12-11166

Additionally, Appellant argues that the district court erred when it applied the Section 3C1.1 adjustment for obstruction of justice based on its finding that Appellant feigned mental illness.  In *United States v. Greer*, 158 F.3d 228, 235, 240-41 (5th Cir. 1998), however, we held that circumstantial evidence of a defendant's specific intent to malinger is sufficient to support such an adjustment.  Although Appellant's defense expert offered testimony that contradicted the district court's finding as to Appellant's malingering, the district court also reviewed a physician's report concluding that "[b]ased on the available evidence, it appears likely that Mr. Aldawsari is trying to exaggerate his difficulties so he can appear mentally ill."[21]  Because the credibility determination of witnesses, including experts, is peculiarly within the province of the district court,[22] we have no basis to find that the district court's conclusion as to Appellant's feigned incompetence was clear error.[23]

Last of all, Appellant argues that the district court abused its discretion by imposing a substantively unreasonable term of imprisonment.  In Appellant's view, the district court imposed a sentence that resulted in unwarranted disparity with other similar cases and incorrectly balanced several factors under 18 U.S.C. § 3553(a), including Appellant's feelings of isolation and depression upon coming to the United States, his youth, his need for appropriate psychological treatment, and the courts' interest in promoting respect for law by refraining from excessive punishment.  In this circuit, however, "avoiding unwarranted general sentencing disparities is not a factor that we grant significant weight where the sentence is within the Guidelines

---

[21] *See* Appellee's Br. 72; Appellant's Reply Br. 18.

[22] *LULAC # 4552 v. Roscoe I.S.D.*, 123 F.3d 843, 846 (5th Cir. 1997) (citing *Orduna S.A. v. Zen-Noh Grain Corp.*, 913 F.2d 1149, 1154 (5th Cir. 1990)).

[23] *See Hernandez-Galvan*, 632 F.3d at 196.

range."[24]  Moreover, as we held in *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013), appellate review of a district court's application of the 18 U.S.C. § 3553(a) factors "is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under section 3553(a) with respect to a particular defendant."  Appellant cites no cases that would require this court "to reweigh the section 3553(a) sentencing factors" in Appellant's favor.[25]  Accordingly, even though the district court imposed the maximum sentence permitted within Appellant's guideline range, we do not find that the district court abused its discretion.

## V.

For the reasons stated above, Appellant's arguments in this appeal are each rejected.  We hereby AFFIRM Appellant's conviction and sentence.

AFFIRMED.

---

[24] *United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011) (citing *United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007)).

[25] *See Heard*, 709 F.3d at 435; *Kippers*, 685 F.3d at 499-501.