**UNITED STATES of America, Plaintiff–Appellee**

v.

**Garwett WATKINS, Defendant–Appellant.**

**No. 13–11282 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 15, 2014.

Vivian J. Lee, James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Robert J. Kersey, Law Offices of Robert J. Kersey, Granbury, TX, for Defendant–Appellant.

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

Garwett Watkins appeals the 264–month sentence he received after he pleaded guilty to conspiracy to possess with intent to distribute heroin. He argues that his sentence, which was within the guidelines range of imprisonment, was substantively unreasonable because it was "overkill" in light of the sentences that two Mexican nationals received in 2009. Watkins also challenges the facts supporting the district court's enhancements to his base offense level.

We review the substantive reasonableness of Watkins's sentence under an abuse of discretion standard, and we accord a presumption of reasonableness to a sentence within the guidelines range. *United States v. Harris,* 740 F.3d 956, 968 (5th Cir.2014) (citing *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)), *petition for cert. filed* (Apr. 10, 2014) (No. 13–9686). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* (internal quotation marks and citation omitted).

Watkins's references to the facts underlying the enhancements to his offense level implicate the procedural reasonableness of his sentence. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586. However, because he has briefed only the substantive reasonableness of his sentence, he has abandoned any challenge to the procedural reasonableness of his sentence. *See United States v. Beaumont,* 972 F.2d 553, 563 (5th Cir. 1992). In addition, his reliance on the purported sentencing disparity between the sentences that two Mexican nationals received is unavailing, as we do not give "significant weight" to "avoiding unwarranted general sentencing disparities" when the sentence falls within the guidelines range. *United States v. Aldawsari,* 740 F.3d 1015, 1021 (5th Cir.2014) (internal quotation and citation omitted), *petition for cert. filed* (June 25, 2014) (No. 13–1543). Further, our review of the 18 U.S.C. § 3553(a) factors is highly deferential, as the sentencing judge is in a superior position to find facts and judge their import under section 3553(a) with respect to a particular defendant. *Id.*

Watkins cites no cases that would require this court "to reweigh the section 3553(a) sentencing factors" in his favor. *See id.* at 1021–22. That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Watkins's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attached to his within-guidelines sentence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008).

Because Watkins has not shown that his sentence was substantively unreasonable, *see Gall,* 552 U.S. at 51, 128 S.Ct. 586, or rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, *see Aldawsari,* 740 F.3d at 1021–22, the sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.