# United States Court of Appeals for the Fifth Circuit

---

No. 22-30365
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTOYN A. WORDLAW,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-223-1

---

Before STEWART, DUNCAN, and WILSON, *Circuit Judges.*

PER CURIAM:[*]

Antoyn A. Wordlaw appeals his sentence of 234 months of imprisonment following his guilty plea conviction of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He contends that the sentence is substantively unreasonable and that the district court erroneously balanced the 18 U.S.C. § 3553(a) factors, giving undue weight to his criminal history and the resulting sentencing range

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

calculated under U.S.S.G. § 4B1.1 without adequately considering the need to avoid unwarranted sentencing disparities.

This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court's review of the substantive reasonableness of a sentence is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (internal quotation marks and citation omitted). A sentence within a properly calculated guidelines range is presumptively reasonable. *See id*.

In this case, the district court considered the Guidelines and Wordlaw's arguments for a sentence below the guidelines range; it ultimately concluded that based on all of the sentencing factors, the guidelines range was appropriate. Wordlaw's appellate arguments amount to a mere disagreement with the weight that the district court afforded to his mitigating arguments and his displeasure with the sentence imposed, which is insufficient to support his contention that the sentence was unreasonable. *See United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Accordingly, Wordlaw has failed to rebut the presumption of reasonableness applicable to his within-guidelines sentence and has not shown that the district court abused its discretion. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *Hernandez*, 876 F.3d at 166-67.

For the foregoing reasons, the judgment of the district court is AFFIRMED.