# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-30616
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANDON HOLMES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-302-1

_____

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Brandon Holmes appeals his sentence of 204 months of imprisonment following his guilty plea conviction for distributing methamphetamine. He contends that his sentence is substantively unreasonable and that the district court erroneously balanced the 18 U.S.C. § 3553(a) factors, giving undue weight to his criminal history and the resulting sentencing range calculated

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30616

under U.S.S.G. § 4B1.1 without adequately considering the need to avoid unwarranted sentencing disparities. We review the substantive reasonableness of his sentence for abuse of discretion, and we apply a presumption of reasonableness to his within-guidelines range sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Naidoo*, 995 F.3d 367, 382 (5th Cir. 2021).

Here, the district court considered the Guidelines, § 3553(a), and Holmes's arguments for a downward variance, but it ultimately concluded that the guidelines range was appropriate. Holmes's arguments on appeal amount to mere disagreement with the weight that the court placed on his mitigating arguments and the sentence imposed, which is insufficient to support his contention that his sentence is unreasonable. *See United States v. Aldawsari*, 740 F.3d 1015, 1021-22 (5th Cir. 2014); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Accordingly, Holmes has failed to rebut the presumption of reasonableness applicable to his within-guidelines range sentence and has not shown that the district court abused its discretion. *See Naidoo*, 995 F.3d at 382-83; *United States v. Hernandez*, 876 F.3d 161, 166-67 (5th Cir. 2017).

AFFIRMED.