# United States Court of Appeals for the Fifth Circuit

---

No. 23-30673
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenneth Ray Smith,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-21-4

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Kenneth Ray Smith pled guilty to possession with intent to distribute methamphetamine and to possession of a firearm in furtherance of drug trafficking, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 924(c)(1).  The district court sentenced Smith at the bottom of the advisory guidelines range to 140 months of imprisonment for the drug offense and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

imposed the consecutive 60-month statutory minimum term of imprisonment for the firearm offense. The court also sentenced Smith to concurrent four-year terms of supervised release.

In this appeal of his sentence, Smith first argues that the district court clearly erred by applying a two-level "drug premises" enhancement under U.S.S.G. § 2D1.1(b)(12) in that it improperly determined that the primary purpose of his residence was drug distribution. Because Smith challenged the application of the Section 2D1.1(b)(12) enhancement in the district court on the same ground that he raises here, we review the district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015). The application of Section 2D1.1(b)(12) is a factual question we review for clear error. *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017).

The district court had discretion to rely on unrebutted facts set forth in the presentence report in making its findings of fact under the Guidelines. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Based on those facts and the testimony at sentencing, the district court could have reasonably inferred that the sale and storage of drugs for distribution was one of the primary uses for Smith's residence. *See* U.S.S.G. § 2D1.1, cmt. n.17; *United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014). The fact that Smith also used the premises as a place to live does not mandate a different conclusion. *See United States v. Galicia*, 983 F.3d 842, 844–45 (5th Cir. 2020). Therefore, the district court did not clearly err in applying the Section 2D1.1(b)(12) enhancement. *See Guzman-Reyes*, 853 F.3d at 263.

Second, Smith argues that the district court did not adequately consider the 18 U.S.C. § 3553(a) factors, such as his personal history and characteristics and the goal of just punishment, and thus imposed a

substantively unreasonable sentence.  We review preserved challenges to the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021).

The district court is required to impose a sentence that is sufficient but not greater than necessary to comply with the sentencing aims of Section 3553(a).  *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007).  Sentences within a properly calculated Guidelines range, as in this case, are presumed to be substantively reasonable.  *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).  "When reviewing a sentence for reasonableness, the court will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (quotation marks and citation omitted).  A defendant may rebut the presumption of reasonableness by establishing that the sentence imposed fails to account for a factor that should be afforded significant weight, affords significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the factors.  *Id.*

Smith's argument does not defeat the presumption that his sentence is reasonable.  *See id.*  His assertion that the district court wrongly weighed the Section 3553(a) factors is also without merit.  *See Gall*, 552 U.S. at 51–52; *United States v. Aldawsari*, 740 F.3d 1015, 1021–22 (5th Cir. 2014).

AFFIRMED.