# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2025

Lyle W. Cayce
Clerk

———————————

No. 23-11198

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID NICHOLSON,

*Defendant—Appellant.*

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-361-1

————————————————————————

Before HAYNES, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, David Nicholson was convicted of possession with intent to distribute at least 500 grams of methamphetamine and sentenced to 292 months in prison and five years of supervised release. He now appeals his conviction and sentence, arguing that the Government presented insufficient evidence to support his conviction and that his sentence is procedurally and substantively unreasonable. We affirm.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-11198

## I.

Nicholson and his wife Felicia Rodriguez ran a "business" from a residence on Eden Road in Arlington, Texas that they "jointly possessed and controlled." In September 2022, Rodriguez reported to law enforcement that Nicholson repeatedly abused her physically and kept large quantities of methamphetamine in the Eden Road residence. When law enforcement arrived at the home, Rodriguez consented to a search of the residence. Nicholson was not present. In the ensuing search, police found two and a half kilograms of marijuana, more than 500 grams of methamphetamine, and eight firearms. Nicholson was indicted for possession with the intent to distribute at least 500 grams of methamphetamine. He pled not guilty and proceeded to trial.

At trial, the Government introduced officer testimony that 566 grams of 95% pure methamphetamine were found in the Eden Road residence. The Government also presented recordings of 911 phone calls and calls Nicholson made from jail indicating that Nicholson lived at the Eden Road property, used the premises for his "business," knew of drugs on the premises, and destroyed a large quantity of drugs between law enforcement's initial search and his arrest. After the close of the Government's case in chief, Nicholson moved for acquittal under Federal Rule of Criminal Procedure 29, contending that the Government's evidence was insufficient to convict him for possession with intent to distribute. The district court denied Nicholson's motion; Nicholson then rested his case without calling any witnesses. The jury convicted Nicholson, and the district court sentenced him to 292 months in prison and five years of supervised release. Nicholson timely appealed his conviction and sentence.

No. 23-11198

## II.

Nicholson maintains that (A) the evidence at trial was insufficient to support his conviction and (B) the district court's sentence was procedurally and substantively unreasonable. We disagree on both points.

## A.

Nicholson contends that the Government failed to present sufficient evidence to convict him of possession with intent to distribute at least 500 grams of methamphetamine. Because Nicholson timely moved for a judgment of acquittal, we review his sufficiency challenge *de novo*. *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). In doing so, we "must affirm" the jury's verdict if, "viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict, a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *United States v. Robinson*, 87 F.4th 658, 667 (5th Cir. 2023) (quotation marks and citation omitted).

"To sustain a conviction for the crime of possession of a controlled substance with intent to distribute, the [G]overnment must prove: '(1) knowledge, (2) possession, and (3) intent to distribute the controlled substance.'" *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017) (citation omitted). In joint-occupancy cases like this one, where the Government relied on a constructive-possession theory, the Government must produce sufficient evidence to support "a plausible inference that the defendant had knowledge of and access to the . . . contraband." *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993).

The Government presented sufficient evidence from which a "reasonable trier of fact could conclude . . . that the elements of the offense were established beyond a reasonable doubt." *Robinson*, 87 F.4th at 667

(quotation marks and citation omitted). There was ample evidence at trial that Nicholson exercised control over the Eden Road residence and operated a "business" at that address. Moreover, the Government introduced recorded phone calls Nicholson made from jail in which he indicated that he exercised control over the Eden Road residence, knew of large quantities of drugs at the home, and had destroyed a large quantity of drugs at the home between law enforcement's initial search and his arrest.[1] Under our "commonsense, fact-specific approach," this evidence supports "a plausible inference that [Nicholson] had knowledge of and access to the [methamphetamine]" found in the residence and seized by law enforcement. *Mergerson*, 4 F.3d at 349.

And the Government presented testimony that the quantity and purity of the methamphetamine possessed by Nicholson indicated that he was a supplier or distributor—it was much greater than an amount or purity held for personal consumption, or even by a street-level dealer. Thus, Nicholson's intent to distribute could be inferred from the quantity, value, and purity of the methamphetamine recovered. *See United States v. Williamson*, 533 F.3d 269, 277–78 (5th Cir. 2008). All told, a rational jury could have concluded beyond a reasonable doubt that Nicholson possessed the quantity of high-grade methamphetamine found at the Eden Road residence with the intent to distribute.

---

[1] Nicholson argues on appeal that his statements on the recorded jail calls were "uncorroborated extrajudicial confessions" for which the Government was required to offer corroborating evidence. *See United States v. Sterling*, 555 U.S. 452, 455 (5th Cir. 2009). But Nicholson never made that argument before the trial court. Even if he had, Nicholson fails to show how an incriminating statement over the phone to a private individual is sufficiently analogous to a post-arrest admission "to an official charged with investigating the possibility of wrongdoing." *United States v. Reynolds*, 367 F.3d 294, 297 (5th Cir. 2004) (quoting *Smith v. United States*, 348 U.S. 147, 155 (1954)).

**B.**

Nicholson also challenges his sentence as both procedurally and substantively unreasonable. Nicholson contends his sentence is procedurally unreasonable because the district court wrongly calculated his base offense level, in four respects. First, he maintains that the district court should not have applied the Guidelines' Drug Quantity Table and instead should have calculated his base offense level as if all the methamphetamine involved—regardless of quality—was methamphetamine mixture. But the district court complied with its duty to determine the guidelines range, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and in doing so, properly relied on and correctly applied the Drug Quantity Table, *see United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011).

Second, Nicholson asserts that the district court erred in applying a two-level adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. But he has not shown that the district court clearly erred in doing so. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). The record reflects that multiple firearms were present at the same site where drugs were stored for distribution and with other drug paraphernalia. Moreover, the record reflects that Nicholson knew of, and had access to, both the firearms and drugs. Indeed, Nicholson admitted to returning to the Eden Road residence after law enforcement's search to remove 27 firearms and destroy 907 grams of methamphetamine. Thus, the evidence substantiated the required relationship between the firearms, drug trafficking activity, and Nicholson. *See id.* at 53; *United States v. Juluke*, 426 F.3d 323, 328 (5th Cir. 2005). And Nicholson fails to show that it was clearly improbable that the firearms were connected to the offense. *See King*, 773 F.3d at 53–54.

Third, Nicholson contends that the district court clearly erred in applying the adjustment under U.S.S.G. § 2D1.1(b)(12) based on its finding

that Nicholson maintained the Eden Road premises for the purpose of manufacturing or distributing controlled substances. But the record reflects that at least one of the primary uses of the residence was as a storage site for drug distribution, such that Nicholson has not shown clear error in the district court's application of § 2D1.1(b)(12). *See United States v. Galicia*, 983 F.3d 842, 843–44 (5th Cir. 2020).

Nicholson's last procedural challenge is that the district court erred in applying a two-level adjustment under U.S.S.G. § 3C1.1 for obstruction of justice. Specifically, Nicholson argues that his destruction of evidence did not materially hinder law enforcement's investigation or his prosecution. But his returning to the Eden Road residence to destroy and remove inculpatory evidence, after he knew that a search had been executed, was not contemporaneous with his arrest, and his actions fall within the literal language of the examples of obstructive conduct in the commentary to § 3C1.1. Therefore, the district court did not clearly err in applying the adjustment. *See United States v. Hinojosa*, 749 F.3d 407, 416 (5th Cir. 2014).

Finally, Nicholson contends that his sentence was substantively unreasonable because the district court did not vary from the guidelines range after weighing the factors listed in 18 U.S.C. § 3553(a). But his mere disagreement with the district court's weighing of those factors does not establish that his sentence was unreasonable. *See United States v. Aldawsari*, 740 F.3d 1015, 1021–22 (5th Cir. 2014). The district court was in a superior position to find and weigh the facts under § 3553(a), and we give deference to the district court's determination as to the proper sentence to impose. *See Gall*, 552 U.S. at 51–52. Nicholson has failed to rebut the presumption that his within-guidelines sentence is reasonable. *See United States v. Vargas*, 21 F.4th 332, 337 (5th Cir. 2021).

AFFIRMED.